■ PETER J. ALEX, Appellant, v. JOHN J. GRANDE JR., Respondent.— AULISI, J. Appeal from an order and judgment of the Supreme Court, Tompkins County, dismissing the plaintiff's complaint in a negligence action. Plaintiff, a New York resident, and defendant, a New Jersey resident, were involved in an automobile accident in New Jersey on June 13, 1963. Two days before the expiration of the time limited by statute for commencement of an action (CPLR 202, 214, subd. 5), plaintiff obtained an order of attachment on June 11, 1966 and defendant was served with the summons and complaint in New Jersey on June 28, 1966 (CPLR 203, subd. [b], par. 3; 314, subd. 3). Pursuant to CPLR 3211 (subd. [a], pars. 2, 8, 9) the defendant then moved to dismiss the complaint on the ground that the undertaking was defective for the reason that it had been signed by the plaintiff and without any independent surety. A party cannot be his own surety (CPLR 2501, subd. 1; 6212, subd. [b]; *Nichols v. MacLean*, 98 N. Y. 458). Plaintiff contends that defendant's failure to move under CPLR 6223 to vacate the order of attachment and his failure to give notice to the Sheriff was fatal error. The CPLR 3211 (subd. [a], par. 9) specifically authorizes the granting of a motion to dismiss if the court does not have jurisdiction when service is made under CPLR 314. However, completely overlooked here was the pertinent provision of CPLR 207, "If, when a cause of action accrues against a person, he is without the state, the time within which the action must be commenced shall be computed from the time he comes into or returns to the state." Under CPLR 202 (and its predecessors Civ. Prac. Act, § 13 and Code Civ. Pro., § 390-a) the timeliness of an action brought in New York by a resident of this State upon a cause of action which accrued elsewhere is governed by the New York Statute of Limitations. In applying the New York statute, the tolling provisions of CPLR 207 are applied, even though the defendant was (and remains) a nonresident, and the cause of action arose outside the State (see *National Sur. Co.* v. *Ruffin*, 242 N. Y. 413; *Hughes* v. *Hinson's Garage*, 9 A D 2d 1014). Even though a defendant is a nonresident when the cause of action accrued and continues to be nonresident, the cause of action will not be tolled under CPLR 207 if he regularly or frequently visits this State so as to be amenable to service of process here (*Mack* v. *Mendels*, 249 N. Y. 356; *Turner* v. *American Metal Co.*, 268 App. Div. 239, 266, app. dsmd. 295 N. Y. 822). On the other hand, sporadic visits here would not toll the statute (*Rabinovitch* v. *Auerbach*, 200 Misc. 77). Defendant's moving papers state that he was a nonresident when the cause of action accrued, and has so remained.

There is no allegation that he maintained a business or was employed here or that he was a frequent or regular visitor here. Upon this record, we cannot say that plaintiff's action would be barred at the expiration of three years following the accident, and therefore we find no prejudice resulting to defendant if plaintiff were permitted to correct his moving papers. Nor has defendant shown that he would lose the defense of the Statute of Limitations if the undertaking were supplied *nunc pro tunc* (see *Burns* v. *City of Watertown*, 126 Misc. 140). CPLR 6223 requires that where a defect does not prejudice a substantial right, " the court shall give the plaintiff a reasonable opportunity to correct any defect " before granting a motion to vacate or modify (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6223.07). Order and judgment reversed, on the law and the facts, without costs, and motion to dismiss the complaint denied, provided plaintiff shall, within 10 days, file a proper undertaking; otherwise, order and judgment affirmed, without costs. Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J. Herlihy, J. P., concurs in the result.