HARRY J. RIBLEY, as Parent and Natural Guardian of DEBORAH RIBLEY, an Infant, et al., Respondents-Appellants, v HARSCO CORPORATION, Appellant-Respondent.

Third Department, May 12, 1977

*Dugan, Lyons, Murphy, Pentak & Brown (Edwin J. Tobin* of counsel), for appellant-respondent.

*De Graff, Foy, Conway & Holt-Harris (Michael Cunningham* and *John T. De Graff, Jr.,* of counsel), for respondents-appellants.

KOREMAN, P. J. Plaintiff's complaint alleges that on October 28, 1973 Deborah Ribley sustained serious injuries when her hair became entangled in the drive shaft of a manure spreader manufactured by defendant, which she was operating. The first cause of action seeks recovery based upon alleged negligence in the manufacture and design of the spreader, while the second cause of action alleges breach of implied warranty of merchantability and strict products liability. The third cause of action is a derivative cause of action. Defendant asserted the Statute of Limitations as affirmative defenses to the second and third causes of action.

Plaintiff moved to strike the affirmative defenses and, in opposition, defendant alleged that the spreader was manufactured in 1961 and that following an initial sale and repossession it was sold to the Ribleys on December 7, 1966. This action was commenced May 15, 1974.

The issues raised on this appeal involve the question of whether the complaint states separate and distinct causes of action based upon strict products liability and upon breach of warranty, and which Statute of Limitations is applicable. It is clear that the allegations set forth in plaintiff's second cause of action seek to recover damages based on the doctrine of strict products liability *(Codling v Paglia,* 32 NY2d 330). It is now well settled, moreover, that the injured plaintiff and those asserting derivative claims seeking to recover from a manufacturer in consequence of an alleged defect in its product may base their case on contract liability, express or implied, or negligence or strict products liability, or in some

combination thereof, depending on the factual context in which the claim arises *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). Construing the complaint liberally, as we must (CPLR 3014), although not stated separately or numbered, plaintiffs have alleged a cause of action based upon a breach of the implied warranty or merchantability under sections 2-314 and 2-318 of the Uniform Commercial Code in addition to the negligence and derivative causes of action. The fact that a strict products liability cause of action is now recognized does not mean that breach of warranty under the Uniform Commercial Code no longer exists. The breach of warranty causes of action under the code are primarily related to the sales contract and are subject to all the limitations and requirements imposed by the code, and they are separate and distinct from a strict products liability cause of action for injury to person or property arising out of tortious conduct on the part of the manufacturer *(Rivera v Berkeley Super Wash,* 44 AD2d 316, affd 37 NY2d 395). The infant plaintiff was injured on October 28, 1973 and this action was commenced on May 15, 1974. Since the three-year Statute of Limitations governing injuries to person or property is applicable to strict products liability claims *(Victorson v Bock Laundry Mach. Co., supra),* insofar as concerns the cause of action based upon strict products liability, the action was timely commenced. As to the cause of action based upon breach of warranty under the Uniform Commercial Code, section 2-725 of the code provides that an action for breach of a sales contract must be commenced within four years of the breach.

As so aptly stated by Special Term, if the four-year statute should be held to apply, not only has the contract Statute of Limitations run, but the injured infant would be deprived of the tolling provisions of CPLR 208 since at the time of her accident, the four-year contract period having passed, she was not an individual entitled to commence an action for breach of the implied warranty. There being no such action in favor of the infant, neither would a derivative action exist in favor of the plaintiff parent. We agree with the rationale of Special Term's decision that since there has now been recognized a separate and distinct cause of action based on strict products liability founded upon tort, and it is the tortious wrong and not the sale that proximately caused the injury, there could be no logical basis for the application of a contract Statute of Limitations to a tort cause of action. We conclude, therefore, that Special Term properly struck that portion of the second

and third causes of action alleging breach of warranty as time-barred, and that the dismissal of the affirmative defense of the Statute of Limitations as to the causes of action based on strict products liability was proper.

The order should be affirmed, without costs.

GREENBLOTT, KANE, MAIN and HERLIHY, JJ., concur.

Order affirmed, without costs.