EVELYN McCARTHY et al., Respondents, v BRISTOL LABORATORIES, DIVISION OF BRISTOL-MYERS COMPANY, et al., Appellants.

Second Department, January 23, 1978

### APPEARANCES OF COUNSEL

*Dewey, Ballantine, Bushby, Palmer & Wood (Russell H. Beatie, Jr., Steven C. Kany* and *Raymond F. Brown* of counsel), for Eli Lilly & Company, appellant.

*Warren Freedman (Cary Stewart Sklaren* and *Richard L. Stern* of counsel), for Bristol Laboratories, Division of Bristol-Myers Company, appellant.

*Barry, McTiernan, Moore & Siracuse (Richard J. Nelson* of counsel), for respondents.

### OPINION OF THE COURT

HOPKINS, J. P.

The narrow question before us is whether the three-year Statute of Limitations (CPLR 214, subd 5), or the four-year Statute of Limitations (Uniform Commercial Code, § 2-725) applies to a cause of action to recover damages for personal injuries arising from a breach of warranty.

Special Term held that the four-year limitation under the Uniform Commercial Code was the controlling provision and denied the defendants' motions to dismiss that cause of action. We concur and affirm the order insofar as it has been appealed from.

## I

The plaintiff Evelyn McCarthy was confined to Montefiore Hospital in Pittsburgh, Pennsylvania, in 1971.[1] She complains that during her confinement she received a certain drug known as "Kantrex", manufactured by the defendant Bristol Laboratories,[2] and a certain drug known as "Keflin", manufactured by the defendant Eli Lilly & Company, and that as a result she sustained personal injuries.

Her complaint against the defendants consists of four causes of action—on the theory of negligent manufacture, sale and distribution, on the theory of breach of warranty, on the theory of violation of statutes and codes, and on the theory of strict liability. The plaintiff Florence McCarthy, her husband, sues in the complaint for loss of services arising from the injury. The action was instituted in 1975.

The defendants moved to dismiss the causes of action and for summary judgment on the ground that they were untimely brought under the three-year Statute of Limitations prescribed by CPLR 214 (subd 5). Special Term granted the motion with respect to the causes of action based on negligence, statutory violations and strict liability, since the plaintiffs offered no opposition to the motion in those instances. Special Term, however, denied the motion with respect to the cause of action based on breach of warranty, agreeing with the plaintiffs that it was timely brought under the four-year Statute of Limitations prescribed by section 2-725 of the Uniform Commerical Code.

On this appeal, accordingly, we are concerned only with the timeliness of the cause of action arising from breach of warranty. Both plaintiffs and defendants for the purpose of this appeal are in accord that the cause of action must be dis-

---

1. The statement that the plaintiff wife was confined to the hospital in Pittsburgh appears in the plaintiffs' brief and is not denied by the defendants in their briefs. No allegation appears in the complaint or the other papers in the record concerning the place where the injury was sustained. Both sides on this appeal have briefed the questions as though the plaintiffs' action should be decided by reference to New York law rather than Pennsylvania law. In the absence of the citation of Pennsylvania law, we must assume New York law applies (see *Stein v Siegel,* 50 AD2d 916). For other purposes, Pennsylvania decisional law is cited by counsel for the defendant Eli Lilly & Company as permitting the application of the four-year period under the Uniform Commercial Code to actions for personal injury arising from a breach of warranty *(Gardiner v Philadelphia Gas Works,* 413 Pa 415). (See, also, *Salvador v Atlantic Steel Boiler Co.,* 224 Pa Super Ct 377; *Peeke v Penn Cent. Transp. Co.,* 403 F Supp 70, affd 538 F2d 320.)

2. Sued in this action as Bristol Laboratories, Division of Bristol-Myers Company.

missed if the three-year limitation applies, but withstands the motion if the four-year limitation prevails. The derivative cause of action for the loss of services suffered by the plaintiff husband will, of course, stand or fall with the determination of the primary question of timeliness.

## II

CPLR 214 provides that "[t]he following actions must be commenced within three years: * * * 5. an action to recover damages for personal injury except as provided in section 215". CPLR 215, expressing a one-year limitation, has no application to an action for breach of warranty.

However, CPLR 201, which modifies the general provisions for the various limitations on actions thereafter described in CPLR article 2, states that "[a]n action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article unless a different time is prescribed by law".

Subdivision (1) of section 2-725 of the Uniform Commercial Code provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

■ ■ On the face of these statutes it is reasonable to conclude that the special Statute of Limitations of four years in the Uniform Commercial Code, where applicable, supplants the general Statute of Limitations of three years in the CPLR and, without more, an affirmance of Special Term would be warranted. Nevertheless, that conclusion rests on assumptions that must be examined for validity. First, it assumes that an action for breach of a contract of sale, as section 2-725 reads, includes an action for personal injury arising from a breach of warranty. We think that the assumption is supportable.

■ ■ Section 2-318 of the Uniform Commercial Code is explicit that "[a] seller's warranty whether express or implied extends to any natural person * * * who is injured *in person by breach of the warranty.*" (Emphasis supplied.)[3] In addition,

---

3. The wording, as excerpted, appears in both the statute as it existed in 1971, when the plaintiff ingested the drugs, and as it existed after the amendment in 1975 (see L 1975, ch 774, § 1). The effect of the amendment does not change the evident intent that an individual injured personally by a breach of warranty shall have a remedy under the Uniform Commercial Code. What the amendment accomplishes is to widen the class of persons who may sue to recover for breach of warranty, and to that extent affects the status of a secondary or remote purchaser.

subdivision (2) of section 2-715 of the code provides that: "Consequential damages resulting from the seller's breach include * * * (b) injury to person or property proximately resulting from any breach of warranty." (See, also, Uniform Commercial Code, § 2-719, subd [3], which makes a limitation of consequential damages for injury to the person prima facie unconscionable.) Thus, we think that the Uniform Commercial Code contemplates in precise language a remedy for recovery of damages for personal injury arising from a breach of warranty and that the time limitations for the bringing of the action for personal injury arising from breach of warranty legislated in the code is "a different time * * * prescribed by law" (see CPLR 201) which, accordingly, is excepted from the operation of CPLR 214 (subd 5), which applies to actions to recover for personal injuries on other theories of liability.

A second assumption which underlies the conclusion that the four-year time limit of the code applies as against the general time limit of the CPLR, is that a "contract for sale" is here involved. This assumption is more debatable, because the complaint alleges merely that the defendants "sold and distributed" the drugs for use as antibiotics and that the plaintiff wife "did take" the drugs. The affidavits of both sides submitted on the motion are not any more informative as to the facts and concern primarily the questions of law raised by the varying provisions of the statutes regarding time limitations. On this state of the record, we believe that a sale of the drugs to the plaintiff wife may not be summarily ruled out and that a development of the facts should await the trial (cf. *Utica Steel Metal Corp. v Myers-Laine Corp.,* 45 AD2d 116, 119). We observe in passing that neither side engages the question whether medication given to a patient in a hospital (for which the patient pays) is "sold" to the patient or is an aspect of the "service" rendered to the patient (cf. Ann. 54 ALR3d 258).[4]

### III

The defendants argue, however, that the Uniform Commercial Code governs only commercial transactions and that the authoritative decisions of this and other States have held that the ordinary personal injury time limitation, rather than the code time limitation, has application to the claim of the

4. It is instructive to compare *Perlmutter v Beth David Hosp.* (308 NY 100) with *Hoffman v Misericordia Hosp. of Philadelphia* (439 Pa 501).

plaintiffs.[5] In particular, the defendants rely heavily on *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395) and *Micallef v Miehle Co., Div. of Miehle-Goss Dexter* (39 NY2d 376). Neither, in our view, touches the issue in this appeal.

■ *Victorson* dealt with the question whether the relevant period of limitation became operative at the time of injury or at the time of the sale of a defective product in an action based on strict liability. The Court of Appeals held that the time began to run from the date of injury, thus overruling *Mendel v Pittsburgh Plate Glass Co.* (25 NY2d 340). The majority opinion (per JONES, J.) held, in addition, that on the ground of policy, an action based on addition, that on the ground of policy, an action based on strict liability should be governed by the three-year statute applicable to actions based on negligence (CPLR 214, subds 4, 5). The majority opinion did not consider the question of the applicable period of limitation in an action based on breach of warranty. The concurring opinion (per FUCHSBERG, J.) did consider that question and found that the four-year statute provided by section 2-725 of the code did not apply to actions based on strict liability, though breach of warranty might have a common identity with strict liability. The opinion stressed the point that the code limitation ran from the date of sale, rather than from the date of injury. However, the concurring opinion was not joined in by the other members of the court.

*Micallef* dealt with the question whether a manufacturer may be responsible for injury resulting from a patent defect in a product. The Court of Appeals held that the rule of *Campo v Scofield* (301 NY 468), forbidding recovery for a patent defect, should no longer be followed. In considering the further question whether and in what cases the conduct of a plaintiff should bar recovery, the opinion in *Micallef* (per COOKE, J.) held that the cause of action for breach of warranty would be subject to the defense that the plaintiff might have, by the exercise of reasonable care, discovered the defect and per-

---

5. The defendants cite *Mendel v Pittsburgh Plate Glass Co.* (25 NY2d 340), *Velez v Craine & Clark Lbr. Corp.* (33 NY2d 117), *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395), *Micallef v Miehle Co., Div. of Miehle-Goss Dexter* (39 NY2d 376), *Dickey v Lockport Prestress* (52 AD2d 1075) and *Martin v Dierck Equip. Co.* (52 AD2d 463). Representative cases from other States cited by the defendants are *Heavner v Uniroyal* (63 NJ 130), *Abate v Barkers of Wallingford* (27 Conn Supp 46), *Romano v Westinghouse Elec. Co.* (336 A2d 555 [RI], *Kirkland v General Motors Corp.* (521 P2d 1353 [Okla]), *Becker v Volkswagen of Amer.* (52 Cal App 3d 794) and *Parish v Goodrich Co.* (395 Mich 271).

ceived its danger, or otherwise have averted his injury,[6] to that extent analogizing the breach of warranty action to an action based on strict liability. No question of the applicable Statute of Limitations was before the court.

Three other cases require mention. In *Martin v Dierck Equip. Co.* (52 AD2d 463), our court held that an action to recover for personal injuries suffered from an accident occurring in Virginia should be determined under Virginia law, that under Virginia law an action based on breach of warranty to recover for such injuries was controlled by the Statute of Limitations for personal injury rather than by the statute pertaining to contracts, and that under our "borrowing statute", New York must apply the Virginia statute. This holding does not, of course, reach the question here.

In *Dickey v Lockport Prestress* (52 AD2d 1075), the Appellate Division, Fourth Department, noted that at the time of the accident causing injury to the plaintiff, section 2-318 of the Uniform Commercial Code permitted recovery for breach of warranty to family members and household guests and had not been amended as it now reads (see L 1975, ch 774); hence, the plaintiff, a remote user, was relegated to an action based on strict liability and was bound by the shorter Statute of Limitations of CPLR 214. Again, the question addressed here was not considered.

In *Weinstein v General Motors Corp.* (51 AD2d 335), the plaintiffs sued to recover for personal injuries due to a defective exhaust pipe on an automobile. Though *Victorson* had been decided prior to the decision of the Appellate Division, First Department, in *Weinstein,* the plaintiffs therein argued that the four-year period of limitations under the code ran from the date of the accident. The court held that the argument was counter to the code. The question before us was not the point of the decision.[7]

We have noted the cases in the jurisdictions (cited in n 5) which hold that section 2-725 of the Uniform Commercial Code does not apply to actions against manufacturers by remote users based on breach of warranty (see, also, Anns., 4

---

6. Judge COOKE observed that he and Judge FUCHSBERG would have preferred the rule of section 402A of the Restatement of the Law of Torts, 2d *(Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 388).

7. The defendants cite also *Mead v Warner Pruyn Div., Finch Pruyn Sales* (57 AD2d 340) and *Ribley v Harsco Corp.* (57 AD2d 234) in support of their thesis. Neither, in our view, is dispositive of the question before us.

ALR3d 821; 17 ALR3d 1010, § 60; 37 ALR2d 703). However, the factual pattern, the statutory provisions and considerations of public policy manifestly differ from State to State and case to case, and it would serve no useful purpose to analyze and discuss those holdings.[8]

## IV

On the state of the record before us, the order should be affirmed. The Uniform Commercial Code specifically is directed toward personal injuries arising from breach of warranty; there is no statutory provision excluding the period of limitations which specially affects actions brought under the code, and no legislative intent or history appears which indicates that for limitation purposes, all actions for personal injuries are to be treated alike (cf. *Blessington v McCrory Stores Corp.*, 305 NY 140). Furthermore, whether under the circumstances of this case, the plaintiff as a patient in a hospital receiving medication may be assimilated to the status of a remote user, or is a direct purchaser from the manufacturer or from the hospital, are all issues which should not be determined on the bare pleadings.

The order should be affirmed insofar as it has been appealed from.

LATHAM, RABIN and MARGETT, JJ., concur.

Order of the Supreme Court, Westchester County, dated July 12, 1976, affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable jointly by defendants.

---

**8.** We note also that in other States, contrary to the defendants' position, the provisions of the code apply to personal injury caused by breach of warranty (see, e.g., *Sinka v Northern Commercial Co.*, 491 P2d 116 [Alaska]; *Redfield v Mead, Johnson & Co.*, 266 Ore 273; *Layman v Keller Ladders*, 455 SW2d 594 [Tenn]; *General Motors Corp. v Tate*, 257 Ark 347; and *Berry v Searle & Co.*, 56 Ill 2d 548).