■ JERRY DOULMAN et al., Respondents, v SEARS, ROEBUCK AND COMPANY, Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated April 3, 1980, which denied its motion to dismiss plaintiffs' second cause of action sounding in breach of warranty. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss plaintiffs' second cause of action granted. Plaintiffs' cause of action for breach of warranty accrued at "tender of delivery" (see Uniform Commercial Code, § 2-725, subd [2]), which admittedly occurred prior to the 1975 amendment to section 2-318 of the Uniform Commercial Code (L 1975, ch 774, § 1). Therefore, it was improper for Special Term to apply said amendment to the situation at bar. Section 2-318, as it existed at the time plaintiffs' cause of action accrued, required privity between a plaintiff and defendant in a breach of warranty action (see *Martin v Dierck Equip. Co.,* 43 NY2d 583, 589-590) and, as no such privity existed here, the second cause of action should have been dismissed. We note that this holding has no effect on plaintiffs' other causes of action, which sound in negligence, strict products liability, and loss of services. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.