OPINION OF THE COURT
Arthur E. Blyn, J.
In this action for personal injuries resulting from an accident with a paper cutting machine, defendant Harris Corporation (Harris) moves for summary judgment dismissing the complaint against it on the ground that the action is barred by the applicable Statute of Limitations.
The facts are essentially undisputed. Plaintiff, a New York resident, was employed by the third- and fourth-party defendant Chaspec Manufacturing Company in Stamford, Connecticut, as a paper cutting machine operator. On November 14, 1980, at approximately 11:30 a.m., while operating the ma *32 chine, plaintiff sustained injury when the fingers of his left hand were severed by the blade of the cutting machine. Plaintiff received emergency treatment at Stamford Hospital and was then treated for several weeks at Yale-New Haven Hospital.
The machine was manufactured by the Seybold Machine Company on or before December 1923 and shipped to an unknown or unidentified buyer in December 1923. Years later Harris, a foreign corporation,* purchased Seybold’s assets. An affidavit by Harris’ product safety engineer states that Harris never had possession or control of the cutter involved in the accident, that Harris never serviced the machine nor sold any parts for it, and that Harris was not even aware of the existence of Chaspec Manufacturing Company before the underlying lawsuit was commenced. From testimony elicited at various depositions, it appears that the machine was sold to Chaspec in 1965 by defendant Peterson and Sons, Inc., and was serviced by that defendant and by defendant Ed Peterson Cutting Equipment Corp.
The underlying action was commenced in or about May 1982. The complaint alleged causes of action in negligence, breach of warranty, strict products liability and a claim of loss of consortium on behalf of plaintiff’s wife. Harris interposed an answer including, inter alia, the affirmative defense that the claims were barred by the applicable Connecticut Statute of Limitations.
In support of the instant motion for summary judgment, Harris argues that Connecticut law is applicable to this case and, under that law, the instant action is time barred. Specifically, Harris argues that because plaintiff traveled every day to Connecticut to work, was employed by a Connecticut company, was injured and was treated in Connecticut, Connecticut has the most significant contacts with this case, and therefore the substantive law of Connecticut shall govern. Further, it is urged, pursuant to Connecticut General Statutes § 52-577a, no products liability claim may be brought against any party "later than ten years from the date that the party last parted with possession or control of the product”. Here, Harris maintains, according to various affidavits and deposition testimony, Harris never had possession or control of the machine in question and its predecessor parted with the machine nearly *33 60 years before this lawsuit was commenced. Accordingly, since this action was commenced more than 10 years after Harris last had possession or control of the machine, Harris insists, this action should be dismissed as time barred.
Peterson and Sons appears and opposes Harris’ motion, arguing that CPLR 202, the "borrowing statute” is controlling here and it directs that when a cause of action accrues outside New York in favor of a New York resident, only the New York Statute of Limitations applies. Therefore, here, since plaintiff was a New York resident at the time of the accident, the New York limitations period applies and the 10-year limitation in the Connecticut law should be disregarded. (In addition, it is urged that this court not address the issue of whether or not the substantive law of Connecticut should control here, since the conflicting interests and policy considerations must be considered, and, apparently, certain related issues have already been presented to a Special Referee [William Rothberg].)
Chaspec Manufacturing Company, on the other hand, agrees with Harris’ position that Connecticut law governs and that Connecticut law applies.
Plaintiff, needless to say, strongly opposes Harris’ motion, arguing that the Statute of Limitations argument is baseless and that numerous issues of material fact exist. Specifically, it is urged that choosing the proper Statute of Limitations is a matter of procedural law, which in turn, is determined by the law of the forum. Choice of law cases relate to which substantive law should be applied. In addition, plaintiff maintains, the cited Connecticut statute is of no avail to Harris, because the instant complaint contains a cause of action in negligence in addition to strict products liability and because there is an issue of fact as to whether Harris did part with control of the machine in the 10 years before this suit was commenced, in that in December 1975 Harris sent a safety mailing to all known owners of the machine. (Plaintiff does not allege that Harris knew who the owner was of the machine at issue here or that it was sent a copy of the safety guidelines.)
In reply, Harris argues that Connecticut’s products liability statute goes to the very substance of a litigant’s right to bring such an action and is, therefore, a substantive provision which cannot be displaced by CPLR 202. Further, it is urged, the Connecticut statute explicitly includes, in Connecticut General Statutes § 52-572m (b), within the definition of a products *34 liability claim, actions based on strict liability in tort, negligence and breach of warranty.
CPLR 202 provides: "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply” (emphasis added). Thus, CPLR 202 expressly provides that only the New York period of limitations will apply when the cause of action accrues in favor of a resident (McCarthy v Bristol Labs., 86 AD2d 279, 283; Alex v Grande, 29 AD2d 616).
In the case at bar, it is undisputed that plaintiff was a New York resident at the time he was injured. Thus, pursuant to CPLR 202, the New York Statute of Limitations for an action to recover damages for a personal injury, CPLR 214 (5) providing for a three-year period, is applicable. It is further undisputed that the underlying action was commenced within the three-year period and that the tolling provisions of CPLR 207 are not alleged nor apparently applicable.
Despite the clear statutory mandate of CPLR 202 and its apparent relevance and application to the instant case, Harris contends that CPLR 202 has no application here, since Connecticut substantive law must apply and Connecticut’s limitations period conditions the very right sued upon and is thus substantive. This contention, that Connecticut’s 10-year limit barring strict liability and related claims against defendants who have parted with possession or control of the product is part of its substantive law, is premised on the assumption that this time limitation falls under a court-made exception that treats the limitation as one conditioning the right and enforced as substantive law (see, e.g., Clarke v Pennsylvania R. R. Co., 341 F2d 430; Bournias v Atlantic Mar. Co., 220 F2d 152). The tests used to determine whether a foreign Statute of Limitations should be regarded as substantive are "far from precise” and there are several different approaches (Bournias v Atlantic Mar. Co., 220 F2d, at pp 155-156). The predicate for most of these different approaches, however, is that a statute creates a new liability and then limits or qualifies the new right (Clarke v Pennsylvania R. R. Co., supra; Bournias v Atlantic Mar. Co., supra).
The court finds this argument unpersuasive. The liability *35 asserted by plaintiffs claims is not newly created by Connecticut’s statute. It is rather based on principles of garden-variety tort embodied in the common law and recognized long before Connecticut existed. (Cf. Clarke v Pennsylvania R. R. Co., 341 F2d, at p 432.) Even the evolution of strict products liability was not considered by the Court of Appeals to be a newly created or discovered cause of action (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401). Further, the 10-year outside limit established by Connecticut, just as the three-year initial limit from the date the injury is sustained or discovered, does not, as Harris argues, go to the "very substance” of plaintiffs right to bring an action, any more than any Statute of Limitations does.
Accordingly, this court declines Harris’ invitation to apply Connecticut’s Statute of Limitations, even assuming, arguendo, that Connecticut substantive law applies. Instead this court finds that pursuant to CPLR 202 and 214, plaintiff’s action was timely commenced and Harris’ motion for summary judgment, based on its assertion the action is time barred, is denied. In light of this disposition, it is not necessary to consider, and no opinion is expressed, on whether New York or Connecticut substantive law is the proper law to be applied here.

 Plaintiff asserts that Harris is an Ohio corporation with offices in Florida. This assertion is uncontradicted.