OPINION OF THE COURT
Harold Baer, Jr., J.
Defendants seek summary judgment dismissing plaintiff’s causes of action against each of them. These causes of action are claims for personal injuries suffered by plaintiff due to "meat wrappers asthma”, an ailment caused by exposure to polyvinyl chloride (PVC) fumes produced during the meat wrapping process.
Plaintiff was employed by A&P Supermarkets (impleaded by one of the defendants but not a party to the instant motions) as a journeyman butcher since 1953. As of 1971, plaintiff was exposed to the meat wrapping process when the supermarket consolidiated the cutting and wrapping process in one room. Plaintiff claims he began to exhibit the symptoms of meat wrapper’s asthma between 1971 and 1974. Plaintiff saw several physicians but was not diagnosed as having the specific work-related ailment until October 30, 1974.
Meat wrappers asthma is a respiratory ailment caused by exposure to the PVC fumes released during the wrapping process and exacerbated by exposure to dicyclohexyl phthalate fumes released during the adhesion of thermally active price labels. Symptoms fall into three major areas: (1) respiratory complaints; (2) mucous membrane irritation, and (3) systemic *1100 complaints. (Andrasch, Bardana, Foster and Pirofsky, Clinical and Bronchial Provocation Studies in Patients with Meat Wrappers Asthma, 58 J of Allergy & Clinical Immunology, at 291-298 [Aug. 1976].)
Defendant, Goodyear Tire and Rubber (Goodyear), is claimed to have manufactured the PVC wrap; defendant, J.B. Dove and Sons, Inc. (Dove), is claimed to have manufactured the wrapping machine which cuts the wrap with hot wire and heat seals the package; defendant, Nashua Corporation (Nashua), is alleged to manufacture the thermally active price labels which adhere to the package when heated by the scale labeling machine alleged to be manufactured by defendant, Toledo Scales Co. (Toledo).
Plaintiff filed his complaint against Goodyear and Dove in August 1977, against Nashua on January 13, 1978, and service of process was complete against Toledo on or about January 27, 1978. Each complaint specifies five causes of action: (1) a claim grounded in negligence; (2) for breach of warranty; (3) for strict products liability; (4) a derivative action on behalf of plaintiffs wife, and (5) a cause of action for gross negligence and conspiracy to commit the torts alleged, seeking punitive damages as well. Plaintiff seeks a total of $4.5 million.
Defendants Goodyear, Dove and Nashua each claim plaintiffs actions against them are barred by the three-year Statute of Limitations. Toledo, in its motion, claims that the Statute of Limitations bars plaintiffs claims and that lack of privity between plaintiff and Toledo requires dismissal of plaintiffs breach of warranty claim. As Goodyear’s and Dove’s Statute of Limitations defenses are without merit, their motions for summary judgment must be denied. Since certain triable issues of fact exist as to Nashua’s and Toledo’s Statute of Limitations defenses, those motions too must be denied. Toledo’s motion to dismiss plaintiffs breach of warranty claim is granted based both on lack of privity and by the applicable Statute of Limitations.
In order to reach decisions on any of the above contentions, the court must first determine when plaintiff’s cause of action accrues. It is well settled that in an action predicated upon a claim of strict products liability, a three-year Statute of Limitations is applicable. (Thornton v Roosevelt Hosp., 47 NY2d 780 [1979]; Victorson v Bock Laundry Mach. Co., 37 NY2d 395 [1975].) In latent injury cases such as the case at bar, where an injured party may have been exposed to a harmful sub *1101 stance over a period of time, the cause of action accrues on the date of plaintiffs last exposure to the harm. (Schmidt v Merchants Desp. Transp. Co., 270 NY 287 [1936]; McKee v Johns Manville Corp., 94 Misc 2d 327 [Sup Ct, Erie County 1978], mod sub nom. Matter of Steinhardt v Johns Manville Corp., 78 AD2d 577 [4th Dept 1980], affd 54 NY2d 1008 [1981], mot to amend remittitur granted 55 NY2d 802 [1982].)
Recently, however, the Legislature has enacted a so-called "discovery” rule to correct the injustices caused by the old "exposure” rule which often occurred when the injury to plaintiff did not manifest itself for more than three years after the exposure and consequently after a plaintiffs time within which to commence an action had expired. (CPLR 214-c.) Under CPLR 214-c, enacted by the Legislature as part of the 1986 Tort Reform Act (L 1986, ch 682), the three-year period within which an action to recover damages for personal injury caused by latent effects of exposure to any substance must be commenced shall be computed from the date of discovery of the injury by plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by plaintiff, whichever is earlier. (CPLR 214-c [2].)
The date of last exposure in the instant case is, at the earliest, October 30, 1974, which is the date plaintiff requested transfer out of the meat department. Under the old "exposure” rule, plaintiffs action would be timely as against defendants Goodyear and Dove. Defendants Goodyear, Dove and Nashua, however, assert that the court must apply the new "discovery” rule which may bar plaintiffs action if the court finds that the plaintiff should have discovered his injury prior to 1974 based upon his own admissions that he experienced symptoms as early as 1971.
The new statute should not be applied in this case. While CPLR 214-c (6) does make the statute retroactive, for acts, omissions or failures occurring prior to July 1, 1986, the effective date of the statute clearly states that the section is "effective July 30, 1986 and [is] applicable to all actions commenced or claims filed on or after such date, pursuant to L. 1986, c.682, § 12”. (McKinney’s Cons Laws of NY, Book 7B, CPLR 214-c, 1987 Pocket Part, at 300, effective date.) It is clear that while the Legislature intended to permit injured persons whose injuries were caused prior to the effective date to take advantage of the new "discovery” rule, the rule was not to apply to actions already commenced prior to its effective date, as is the case here. It would be manifestly unfair if *1102 not unlawful to bar an action commenced in 1977 or 1978 and permissible under the old "exposure” rule by applying the new date of discovery rule not adopted until 1986. Parenthetically, the new rule was intended to benefit not inhibit plaintiffs who suffered under the old "exposure” rule by having a cause of action barred for illnesses of which they were unaware.
The Legislature considered this possibility and clearly limited the applicability of the new rule to actions commenced on or after the effective date, i.e., July 30, 1986. Thus the "old” rule or "last exposure” rule is applicable here. Since this date at the earliest would be October 30, 1974, the court finds that as to defendants Goodyear and Dove, plaintiff’s cause of action filed in August 1977 is viable.
As to defendants Nashua and Toledo, since the action against them was commenced in January 1978, a stronger case may be made for their position. Interestingly, Nashua in arguing that the date of discovery rule applies, stated that this case did not fall within the exception to the rule set forth in CPLR 214-c (6) (c) which states that the new rule would not apply to an action that "was or would have been barred because the applicable period of limitation had expired prior to [July 1, 1986]”. Thus Nashua effectively precludes any claim that the action is barred as against it under the "last exposure” rule. However, Toledo, which claimed that the "last exposure” rule must apply, raises the argument that since the date of last exposure to the harm was October 30, 1974, the action against them is time barred since the action against Toledo was not commenced until January 1978.
Plaintiff in his affidavit asserts he continued to be exposed subsequent to the date specified by Toledo. He claims his request for transfer was not immediately granted and that even after transfer from the meat department, exposure to the harmful PVC fumes continued. Plaintiff claims he was transferred to the produce and delicatessen departments and that in both he was exposed to the same wrapping procedure as had produced his ailment. He also alleges that each evening after the market closed, he was exposed to fumes due to the closed environment of the market. Defendant, while providing some evidence as to when the plaintiff ceased to be employed in the meat department, never negatives the allegations of exposure. Toledo has not persuaded the court that plaintiff’s claim of continued exposure was merely self-serving and without any basis in fact. Plaintiff’s claims are not so farfetched as *1103 would warrant dismissal of the action as time barred. Though the court accepts the date of January 27, 1978, as the date service of process was complete as to Toledo, the existence of the issue as to plaintiff’s continued exposure to PVC dictates a denial of the Toledo and Nashua motions.
Defendant Toledo’s claim that plaintiffs breach of warranty claim must be dismissed due to lack of privity between Toledo and plaintiff also hinges partly on the date plaintiffs cause of action accrued. More importantly, however, is how the court should characterize plaintiffs breach of warranty claim. While breach of warranty is usually a contractual claim, the courts have also recognized such claims, depending on the surrounding circumstances, as strict products liability claims (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, supra; Martin v Dierck Equip. Co., 43 NY2d 583 [1978]). In the present case, plaintiff has pleaded separate causes of action for breach of warranty and strict products liability. The breach of warranty claim should be treated as a contractual claim and is not merely an incorrectly labeled strict products liability claim. (See, Martin v Dierck Equip. Co., supra.) Therefore, the requirement of privity, the four-year Statute of Limitations, and the rule under UCC 2-725 (2) that a cause of action accrues for breach of warranty when tender of delivery is made all apply.
Toledo asserts that since no privity existed between Toledo and plaintiff at the time the cause of action accrued, plaintiffs breach of warranty claim must be dismissed. The court agrees with Toledo’s argument and the second cause of action as to Toledo is dismissed.
In 1975, UCC 2-318 was amended to extend a seller’s implied or express warranty to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. Although this amendment extended the warranties, formerly limited to natural persons in the family or household of the buyer, the amendment has been held not to apply retroactively. (Steckal v Haughton Elevator Co., 59 NY2d 620 [1983]; Szrana v Alumo Prods. Co., 118 Misc 2d 1008 [Sup Ct, Erie County 1983].) Since plaintiffs cause of action accrued upon tender of delivery of the defective product by Toledo, which necessarily was prior to 1975, the date of the amendment to the Uniform Commercial Code, plaintiff cannot take advantage of that amendment (Matter of Steinhardt v Johns Manville Corp., supra).
*1104 Nor is there privity of contract between plaintiff and Toledo to permit the breach of warranty claim to stand. It is clear that an employee is not in privity with the manufacturer of a defective product purchased by the employer. (Galvin v Lynch, 137 Misc 126 [1930]; Simpson v Eichenbrunner, 31 Misc 2d 958 [App Term, 1st Dept 1961], court held there was privity between employee and retailer but not between employee and manufacturer.) Since plaintiff is not in privity with the manufacturer, the breach of warranty action against Toledo should be dismissed (Martin v Dierck Equip. Co., supra; Goldstein v Brogan Cadillac Oldsmobile, 90 AD2d 512 [2d Dept 1982]).
Therefore, defendant Toledo’s motion to dismiss plaintiff’s breach of warranty cause of action is granted.
To recapitulate, the motions by defendants Goodyear, Dove, Nashua and Toledo for summary judgment dismissing plaintiffs’ complaint for failure to commence this action within the three-year Statute of Limitations are denied. Defendant Toledo’s motion to dismiss plaintiffs’ breach of warranty cause of action for failure to commence said action within the applicable Statute of Limitations and for lack of privity is granted.