**B & B PAINT CORPORATION,**
**Appellant (Defendant Below),**

v.

**SHROCK MANUFACTURING, INC.,**
**Appellee (Plaintiff Below).**

No. 20A03–9009–CV–386.

Court of Appeals of Indiana,
Third District.

March 25, 1991.

R. Kent Rowe, Edmond W. Foley and Richard A. Cook, Rowe, Foley & Huelat, South Bend, for appellant.

John C. Trimble and Richard K. Shoultz, Lewis, Bowman, St. Clair & Wagner, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellant-defendant B & B Paint Corporation appeals the trial court's denial of its motion for summary judgment.

The facts relevant to this appeal disclose that prior to August 14, 1984, Shrock purchased paint from B & B for use at its plant in Elkhart County, Indiana. Shrock experienced minor trash container fires several times after discarding paint filters saturated with the paint sold by B & B. After contacting B & B, representatives of Shrock were told that the fires were not caused by the paint. On August 14, 1984, a fire started in a paint booth at the factory. Shrock's factory, inventory, and personal property were damaged in the fire. Shrock also lost substantial income until the factory could be restored.

On December 17, 1987, Shrock filed a complaint against B & B alleging a breach of implied warranty of merchantability and fitness for a particular purpose. On May 12, 1989, B & B filed a motion for summary judgment alleging that Shrock's action was a product liability action which should be governed by the two-year statute of limitations provided under the Product Liability Act. IND.CODE § 33-1-1.5-5 (1990 Supp.). The trial court denied B & B's motion holding that Shrock's complaint was timely filed under the four-year statute of limitations provided in the Uniform Commercial Code, IND.CODE § 26-1-2-725 (1988 Ed.). The trial court granted B & B's motion for certification to file an interlocutory appeal.

One issue is dispositive of this appeal: whether Shrock's complaint alleging breach of implied warranty of merchantability and fitness for a particular purpose should be governed by the four-year statute of limitations provided in the Uniform Commercial Code, IND.CODE § 26-1-2-725, or by the two-year statute of limitations provided in the Product Liability Act, IND.CODE § 33-1-1.5-5.

B & B believes that Shrock characterized its claim as a breach of warranty action in an attempt to circumvent the two-year statute of limitations in the Product Liability Act, IND.CODE § 33-1-1.5-5. (Shrock's complaint was filed almost three and a half years after the cause of action accrued.) B & B asserts that Shrock's complaint is actually one based on negligence or strict liability and as such is governed by the Product Liability Act.

B & B cites the Product Liability Act's statute of limitations which explicitly states that it governs "any product liability action in which the theory of liability is negligence or strict liability in tort." *Id.* B & B also looks to *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 418 N.E.2d 207, for support. The action in *Dague* was considered to be a product liability action and the UCC was not even discussed. The court held that "[t]he Product Liability Act expressly applies to all product liability actions sounding in tort, including those based upon the theory of negligence...." *Id.* 418 N.E.2d at 212.

This Court agrees that the Product Liability Act does govern actions in which the theory of liability is negligence or strict liability in tort. However, just because a case could have been brought under the Product Liability Act does not

necessarily mean that the Product Liability Act *must* govern. This state also has the UCC which governs breach of warranty claims. A claimant is entitled to bring his or her action under the UCC *if it is applicable.*

This Court does not quarrel with the cases cited by B & B which hold that "it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations." *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, 285–286, quoting *Koehring Co. v. National Automatic Tool Co.* (S.D.Ind.1966), 257 F.Supp. 282 (Indiana law), *aff'd per curiam* (7th Cir.1967), 385 F.2d 414. If a cause of action is actually one for negligence or strict liability, but has been couched in terms of breach of warranty under the UCC solely to avoid the shorter statute of limitations under the Product Liability Act, the statute of limitations under the Product Liability Act will apply. *See also: McCarthy v. Bristol Laboratories, Division of Bristol–Myers Co.* (1982), 86 A.D.2d 279, 449 N.Y.S.2d 280. However that is not the case presented here. While it is possible that Shrock may have been able to bring its action under the Product Liability Act, it was also able to properly bring it within the UCC.

■ Shrock is alleging breach of implied warranty of merchantability under IND. CODE § 26–1–2–314 (1988 Ed.) and breach of implied warranty of fitness for a particular purpose under IND.CODE § 26–1–2–315 (1988 Ed.). For a cause of action to be successful under either of those two sections, the plaintiff must show privity of contract. *Lane v. Barringer* (1980), Ind.App., 407 N.E.2d 1173, 1175. Shrock has shown that it purchased the paint directly from B & B. Shrock has also shown that it gave timely notice to B & B regarding breach of warranties when it notified B & B of the trash container fires. This is a prerequisite to bringing a UCC action. IND.CODE § 26–1–2–607 (1988 Ed.). There is no dispute that the seller, B & B, was a merchant as required by the UCC. *See:* IND.CODE § 26–1–2–314. Ad-

ditionally, Shrock has demonstrated compliance with the four-year statute of limitations in IND.CODE § 26–1–2–725. This section states that breach of warranty occurs upon tender of delivery. Delivery was made in this case on July 27, 1984 and August 3, 1984, both of which are within the four-year limitation period.

As Shrock notes, much of the decline in breach of warranty cases under the UCC can be attributed to the fact that in many cases it is easier for a plaintiff to bring a cause of action against a manufacturer under the more recent Product Liability Act since privity of contract and notice to the manufacturer of the breach need not be shown. The scope of plaintiff's damages may also be restricted in the UCC's provisions for damages for a breach of contract, IND.CODE § 26–1–2–714 (1988 Ed.), and for incidental and consequential damages, IND.CODE § 26–1–2–715 (1988 Ed.). (Consequential damages include injury to property proximately resulting from the breach of warranty.) However, even though bringing a cause of action under the Product Liability Act may be more attractive to plaintiffs, this certainly does not prevent a plaintiff from choosing to bring an action under the UCC if he or she is able to do so.

■ A breach of warranty claim should be treated as a contractual claim when it is not merely an incorrectly labeled strict product liability claim.

> *O'Halloran v. Toledo Scale Co.* (1987), 135 Misc.2d 1098, 517 N.Y.S.2d 1003.
>
> *See also Victorson v. Bock Laundry Machine Co.* (1975), 37 N.Y.2d 395, 373 N.Y.S.2d 39, 335 N.E.2d 275;
>
> *Martin v. Julius Dierck Equipment Co.* (1978), 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97.

As has been stated:

> "The fact that a strict products liability cause of action is now recognized does not mean that breach of warranty under the Uniform Commercial Code no longer exists. The breach of warranty causes of action under the code are primarily related to the sales contract and are subject to all the limitations and requirements imposed by the code, and they are

**1020** 

separate and distinct from a strict products liability cause of action for injury to person or property arising out of tortious conduct on the part of the manufacturer."

*Ribley v. Harsco Corp.* (1977), 57 A.D.2d 234, 394 N.Y.S.2d 741.

The UCC and the Product Liability Act provide alternative remedies. The adoption of the Product Liability Act did not vitiate the provisions of the UCC. Therefore, Shrock was entitled to bring a cause of action based on breach of implied warranty under the UCC.

 B & B argues that when two or more statutes of limitation deal with the same subject matter, the statute which is more recent and specific will prevail over the older and more general one. *See Ferguson v. Modern Farm Systems, Inc.* (1990), Ind.App., 555 N.E.2d 1379, 1383–1384. Therefore, B & B avers that the Product Liability Act's statute of limitations should govern because it is more recent and specific. However, B & B's argument is not applicable in this situation. While Shrock may have been able to bring its action under either the Product Liability Act or the UCC, these two acts represent two different causes of action with two different statutes of limitation. The Product Liability Act governs product liability actions in which the theory of liability is negligence or strict liability in tort, while the UCC governs contract cases which are based on breach of warranty. This Court will not apply the two-year statute of limitations in a Product Liability Act just because a plaintiff could possibly have brought an action based on negligence or strict liability. Shrock's complaint is based on breach of warranty and, therefore, the UCC's statute of limitation will apply.

The trial court's denial of summary judgment to B & B is affirmed.

Affirmed.

GARRARD and MILLER, JJ., concur.