■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS JORDAN, Appellant.—Judgment, Supreme Court, New York County, rendered on June 8, 1977, unanimously affirmed. Appellant's application for leave to submit late reply brief granted. No opinion. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN HAYES, Also Known as DIPNARINESINGH, Appellant.—Judgment, Supreme Court, New York County, rendered on January 6, 1976, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Lupiano, J. P., Lane, Markewich and Sandler, JJ.

■ BERNARD REIS, Respondent, v PFIZER, INC., Appellant.—Order, Supreme Court, New York County, entered October 25, 1976, denying defendant's motion for summary judgment, is unanimously reversed, on the law, *without costs and without disbursements, and the motion granted and the complaint dismissed.* Plaintiff's three-month-old son was given defendant's oral polio vaccine in October, 1966 and January, 1967. In February, 1967 plaintiff developed poliomyelitis and was hospitalized until December, 1967, and the illness culminated in permanent crippling. Plaintiff alleges that the Federal Communicable Disease Center found his illness to be vaccine-induced contact poliomyelitis, and though he is not named, the case described in their annual survey for 1967 may well be his case. At issue is whether Special Term properly used the date plaintiff claims he could have discovered that his malady might have been caused by defendant's oral polio vaccine instead of the date when the illness manifested itself, in calculating the time when the Statute of Limitations began to run. This is not a medical malpractice claim to which the tolling doctrine of *Flanagan v Mt. Eden Gen. Hosp.* (24 NY2d 427) and its progeny—the foreign object doctrine —could apply. At best, plaintiff had a claim for strict products liability which accrued at the time of injury in 1967 (see *Martin v Julius Dierck Equip. Co.,* 43 NY2d 583) or breach of warranty which accrued at the time of sale of the "defective" vaccine (Uniform Commercial Code, § 2-725, subd [2]). In either event, the period of limitations has long since expired—three years for strict products liability under CPLR 214 (subd 5) (see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 399-400) or four years for breach of warranty under subdivision (1) of section 2-725 of the Uniform Commercial Code (see *Victorson, supra,* p 403). Concur—Birns, J. P., Evans, Lane and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCY CROCE, Appellant.—Judgment of the Supreme Court, Bronx County, rendered January 26, 1976, convicting defendant upon a verdict of the count of perjury in the first degree and sentencing her to an indeterminate term of one year to be served on weekends only, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating said sentence and in lieu thereof *imposing a sentence of probation for a period of five years* (Penal Law, § 65.00, subd 3, par [a], cl [i]). As so modified, judgment affirmed and case remitted to the Supreme Court to fix the terms and conditions of probation. We have considered the probation report and the circumstances of this case and find that the imposition of a term of probation would be an appropriate sentence. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.