DELORES DOYLE, Plaintiff, v HAPPY TUMBLER WASH-O-MAT, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. WASCOMAT OF AMERICA, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.

Second Department, December 20, 1982

##### APPEARANCES OF COUNSEL

*Howard S. Davis* (*Richard Fedrow* of counsel), for appellant.

*Rivkin, Leff, Sherman & Radler* (*John F. Morrison* of counsel), for respondent.

##### OPINION OF THE COURT

BRACKEN, J.

In an action to recover damages for personal injuries, third-party defendant Wascomat of America, Inc. (Wasco-

mat) appeals from an order which denied its motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the third-party plaintiff's second cause of action based upon the doctrine of strict products liability and also that part of the first cause of action based upon implied warranty, upon which the third-party plaintiff seeks indemnification and contribution. We affirm.

Plaintiff, injured on September 28, 1978 by a washing machine located at the premises of defendant Happy Tumbler Wash-O-Mat, Inc. (Tumbler) commenced an action for personal injuries in or about January, 1979 against Tumbler, operator of the laundromat, and Donald Anzalone, owner-lessor of the facility, based upon the alleged negligence of the defendants. Tumbler commenced a third-party action in April, 1980 against Wascomat, manufacturer of the washing machine, and Super Equipment Corporation, the distributor which sold the washing machine to defendant Tumbler. Tumbler, in the third-party action, seeks indemnification and contribution for any judgment granted to the plaintiff against it, and alleges the liability of the third-party defendants as follows: (1) negligence and breach of implied warranty of fitness based upon the manufacture and sale of the defective washing machine prior to September 28, 1978, the date plaintiff was injured, and (2) strict products liability.

Special Term concluded that under the provisions of CPLR article 14, a tort-feasor may claim contribution from another person who may be subject to liability for damages for the same injury under any theory of liability that plaintiff could have asserted against that person but had not done so. We agree.

On this appeal Wascomat contends that the doctrine of strict products liability is inapplicable as a matter of law in the case of a *Dole* claim by a nonuser tort-feasor against a products defendant, because the tort-feasor seeks recovery for economic loss and not for personal injury. In addition, Wascomat contends that the failure to allege privity between Tumbler, the third-party plaintiff, and the third-party defendant Wascomat, renders the warranty cause of action defective, and further that Tumbler is not in privity with Wascomat.

Wascomat's final assertion is that the plaintiff does not possess a cause of action against it for breach of implied warranty because she lacks privity with Wascomat (see *Martin v Dierck Equip. Co.*, 43 NY2d 583, which involved facts arising before the amendment to section 2-318 of the Uniform Commercial Code, effective September 1, 1975).

Since the theory of liability is irrelevant to Tumbler's right to seek contribution from Wascomat pursuant to CPLR article 14, we conclude that it is the fact of liability to the same person for the same harm, rather than the legal theory upon which liability is based, which controls (*Doundoulakis v Town of Hempstead*, 42 NY2d 440; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.*, 74 AD2d 679; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4, p 363). We further determine that section 2-318 of the New York Uniform Commercial Code, as amended, does not require privity between the ultimate user, plaintiff, and the manufacturer, Wascomat.

Since it is conceded that the plaintiff would have a cause of action in strict products liability against the manufacturer, Wascomat, then it must follow that Tumbler may seek contribution from Wascomat. Tumbler correctly asserts that the third-party action is not for consequential economic loss (see *Schiavone Constr. Co. v Elgood Mayo Corp.*, 56 NY2d 667), but for contribution.

A cause of action for strict products liability, which developed from the manufacturer's common-law duty of due care in making and marketing goods, provides a remedy for an individual injured because of another's violation of an obligation imposed not by contract, but by law, and privity is not a condition for recovery of damages. Such an action sounds in tort rather than in contract (*Victorson v Bock Laundry Mach. Co.*, 37 NY2d 395; *Codling v Paglia*, 32 NY2d 330) and except for the extended four-year Statute of Limitations applicable to an action based upon section 2-318 of the Uniform Commercial Code, an action for strict products liability has displaced the need for a warranty action by an injured party.

Section 2-318 of the Uniform Commercial Code, as originally enacted, effective September 27, 1964, and prior

to the recognition of the doctrine of strict products liability, created a statutory remedy based upon the contract between the buyer and seller inuring to the benefit of persons described in section 2-318, namely: "any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods". This legislation codified the existing sales law warranty action and included recovery for common-law warranty recognized in *Goldberg v Kollsman Instrument Corp.* (12 NY2d 432).

Subsequent to the application of the doctrine of strict products liability in New York, the Legislature amended section 2-318, effective September 1, 1975, to provide that any natural person who may be expected to "use, consume or be affected by the goods" shall be a third-party beneficiary to any warranties created by the sale, be they express or implied, and be they entered into voluntarily or imposed by operation of law. As a third-party beneficiary, anyone who falls within the protected class may, therefore, pursuant to section 2-318, as amended, commence a direct action for breach of warranty against the seller. In essence this statutory amendment expanded the availability of a breach of warranty action to all those who could foreseeably be affected by the product.

Section 2-318, as amended, was originally the alternative designed for jurisdictions where the case law did not recognize strict products liability. This alternative followed the trend of modern decisions as indicated by section 402 A of the Restatement of Torts, Second. Based upon the recognition of strict products liability by the Court of Appeals in *Codling v Paglia* (32 NY2d 330, *supra*), the enactment of section 2-318, as amended, which provides for a different Statute of Limitations, has created an apparent anomaly, and the legislative history to support the purposes of the amendment is of little assistance in resolving its necessity (see memorandum of Assemblyman Leonard Silverman, NY Legis Ann, 1975, p 110). As a result of the said amendment, however, a party who suffers personal injury as a result of a defective product may now sue for

breach of warranty, as well as in strict products liability, even though the plaintiff has neither purchased the product from the seller nor has any other relation to the seller or the buyer.

Where, therefore, a defective product has been the cause of personal injury and the action is brought more than three years after the injuries are sustained, thus barring recovery upon the theories of negligence and strict liability, the injured person, within the purview of section 2-318 of the Uniform Commercial Code,* has a viable cause of action based upon implied warranty within a period of four years after the cause of action has accrued (Uniform Commercial Code, § 2-725, subd [1]).

While the cases have not clearly addressed the "date of accrual", subdivision (2) of section 2-725 of the Uniform Commercial Code provides that the claim accrues upon "tender of delivery", which is more readily applicable to commercial transactions between a seller and buyer. The Statute of Limitations for a cause of action based upon breach of warranty therefore accrued at the time of the original sale by the manufacturer, Wascomat, regardless of when the injury was sustained (*Martin v Dierck Equip. Co.*, 43 NY2d 583, *supra*).

In this instance the record is silent as to the date of such sale and therefore the date of accrual of the cause of action for injuries based upon breach of implied warranty cannot

---

* Section 2-318 of the Uniform Commercial Code, effective September 27, 1964, provided: "Third Party Beneficiaries of Warranties Express or Implied. A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section". This legislation codified the then existing sales law warranty action and included recovery for personal injury and property damage, formerly within the purview of the common-law warranty (*Goldberg v Kollsman Instrument Corp.*, 12 NY2d 432, 436-437).

Section 2-318 of the Uniform Commercial Code, effective September 1, 1975, provides: "Third Party Beneficiaries of Warranties Express or Implied. A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

This amendment expanded the availability of the breach of warranty action to all those who could foreseeably be affected by the product.

be determined. The action, however, was commenced in or about January, 1979 for injuries sustained by the plaintiff on September 28, 1978. The third-party complaint alleges that the third-party defendant manufacturer designed, assembled, distributed, inspected and sold the defective machine prior to September 28, 1978 and that the third-party defendant Super Equipment Corp. inspected, sold and delivered the machine prior to such date (see *McCarthy v Bristol Labs., Div. of Bristol-Myers Co.*, 61 AD2d 196, and second appeal, *McCarthy v Bristol Labs., Div. of Bristol-Myers Co.*, 86 AD2d 279). If the said sale was completed prior to September 1, 1975 and within four years from the commencement of this action, there must be established privity as between plaintiff and third-party defendant Wascomat as a condition for asserting a claim for breach of warranty pursuant to section 2-318 of the Uniform Commercial Code (*Martin v Dierck Equip. Co., supra; Doulman v Sears, Roebuck & Co.*, 85 AD2d 707). If, however, the sale was completed on or after September 1, 1975, privity is no longer required pursuant to section 2-318, as amended.

For these reasons, the order should be affirmed.

TITONE, J. P., MANGANO and BOYERS, JJ., concur.

Order of the Supreme Court, Nassau County, dated October 29, 1980, affirmed, with $50 costs and disbursements.