■ Eugene P. Parzek et al., Respondents, v New England Log Homes, Inc., Appellant. — Appeal from an amended judgment of the Supreme Court in favor of plaintiffs, entered May 3, 1982 in Rensselaer County, upon a verdict rendered at Trial Term (Pennock, J.). Plaintiffs purchased from defendant a log home kit consisting of hand-peeled logs, window frames and door frames. The logs were delivered in May, 1974, to the construction site, where plaintiffs stored them in stacks covered with heavy tarpaulins. The walls were erected

and the roof was on by the fall of 1976, and in April, 1979, the plaintiffs first discovered, on the interior walls of the home, some 15 medium sized, metallic-blue beetles. Two of defendant's franchise dealers assured plaintiffs that the problem was not serious, but the following year, in April, 1980, plaintiffs observed hundreds of beetles and discovered larvae and "excavation channels" in the logs. Plaintiffs contacted defendant in July, 1980, but were advised by defendant that it did not guarantee that its wood products were insect free. The following month plaintiffs hired an exterminator who treated the home, apparently putting an end to the problem.' Shortly thereafter, plaintiffs commenced this action, seeking to recover damages for breach of express warranty. Following a trial, the jury returned a verdict in favor of plaintiffs in excess of $9,000, and defendant appeals from the judgment entered on that verdict. Defendant's brochure contained a statement that the logs were treated with a preservative "to protect the treated wood against decay, stain, termites and other insects". Other statements indicated the maintenance free nature of the logs, and there was a guarantee against any material and engineering defects. Testimony shows that plaintiffs relied on these statements and that the information contained in the brochure formed part of the basis of the bargain. Accordingly, there was ample evidence from which the jury could conclude that defendant had affirmed that the logs, as delivered, would be protected from insect infestation and that the affirmation became a part of the basis of the bargain, thereby creating an express warranty (Uniform Commercial Code, § 2-313). Relying upon section 2-725 of the Code, defendant contends that this action is untimely since it was commenced more than four years after the date of delivery. The Statute of Limitations is an affirmative defense which must be pleaded (CPLR 3018, subd [b]). If it is not pleaded in the answer, or asserted in a motion to dismiss made before service of the answer, the defense is waived (CPLR 3211, subd [e]). Defendant's answer contains no affirmative defenses, and there is nothing in the record to indicate that the Statute of Limitations was raised in a preanswer motion to dismiss. Moreover, subdivision (2) of section 2-725 of the Code fixes the accrual date of a breach of warranty cause of action as the date when the breach was discovered or should have been discovered for warranties that explicitly extend to future performance. Here, the very nature of insect infestation, where the insects might not appear until several years after the infestation occurs, compels the conclusion that the warranty extended to future performance. Defendant seeks to obscure the issue by arguing that it should not be held to have warranted the logs against infestation some 50 or 60 years after the sale. Here, however, the expert proof shows that the infestation occurred before delivery or within a relatively short time thereafter, and that the insects did not begin to appear until several years later. Under such circumstances, the extended accrual date for warranties of future performance (Uniform Commercial Code, § 2-725, subd [2]) is applicable. Defendant also contends that plaintiffs did not timely notify defendant of the alleged breach. Section 2-607 (subd [3], par [a]) of the Code provides that where goods have been accepted, the buyer must notify the seller of any breach of warranty within a reasonable time after he discovers it or should have discovered it. Plaintiffs presented proof that when they first discovered the existence of a few beetles on the interior of the logs in April, 1979, they contacted two of defendant's franchise dealers, who assured them that the problem was not serious. The following year, when it became evident that the problem was indeed serious, plaintiffs contacted defendant directly. Based upon these facts, the jury could reasonably conclude that plaintiffs had given the required notice within a reasonable time after discovery of the breach. Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.