■ WARREN W. SCOTT AND SON, Appellant, v AMERICAN BUILDINGS COMPANY, Respondent. (Appeal No. 1.) — Appeal dismissed as academic. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — dismissal of complaint and summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ WARREN W. SCOTT AND SON, Appellant, v AMERICAN BUILDINGS COMPANY, Respondent. (Appeal No. 3.) — Order unanimously affirmed, without costs. Memorandum: Defendant is a manufacturer of metal buildings. It is undisputed that in 1973 defendant's dealer, a contractor, sold one of defendant's buildings to plaintiff and erected it upon plaintiff's property. This action was commenced on July 24, 1980. Plaintiffs' complaint alleges a breach of express warranty guaranteeing that the roof of the building would not rust or corrode for 20 years. On examination before trial, plaintiff Glenn Scott testified that he first observed that the roof was rusting "in the spring of 1976." Defendant moved for summary judgment upon the ground, *inter alia,* that the action was barred by the Statute of Limitations (see Uniform Commercial Code, § 2-725, subds [1], [2]). In opposition to the motion, plaintiffs offered no proof of the specific date in 1976 when the defect in the roof was first discovered. By order entered July 1, 1982, Special Term granted summary judgment dismissing the complaint. On two successive motions to renew, the only showing made by plaintiffs bearing upon the limitations issue was contained in an affidavit by plaintiff Glenn Scott in which he stated: "It is submitted that the first notice your deponent had of the pin holes developing in the roofing panels was in the summer of 1976 and may have been in the fall of 1976 as far as I can recall." Although both motions to renew were granted, Special Term, by orders entered November 17, 1982, affirmed its original decision and order. Plaintiffs appeal, and we affirm. Even assuming that defendant expressly warranted to plaintiffs the future performance of the roof panels, the cause of action accrued upon plaintiffs' discovery of the breach of warranty (Uniform Commercial Code, § 2-725, subd [2]). Plaintiffs were required to commence their action within four years after the cause of action accrued (Uniform Commercial Code, § 2-725, subd [1]). On the original motion,

defendant established prima facie that the action was not timely commenced. It was plaintiffs' obligation "not only to rebut that prima facie showing but also to demonstrate the existence of a triable issue of ultimate fact by presenting proof in evidentiary form" to show that the action was timely commenced (*Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *Yandel v Loeb & Troper,* 84 AD2d 710; *Doyon v Bascom,* 38 AD2d 645). Plaintiffs failed to do so and summary judgment was properly granted. The affidavit submitted by plaintiff Glenn Scott on the motions to renew was insufficient to meet plaintiffs' burden. While it purports to contradict his previous sworn testimony, it contains only vague and indefinite assertions which do not establish that the action was timely commenced or that there is at least a triable issue of fact as to its timely commencement (see *Goldstein v Edwards,* 81 AD2d 752). Thus viewed, there is no need to address the other issues raised on appeal. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — motion to renew.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.