OPINION OF THE COURT
Anthony J. Ferraro, J.
Plaintiff moves, pursuant to CPLR 3211 (subd [b]), for judgment dismissing the second affirmative defense of Statute of Limitations contained in the answer of defendant U.S. Suzuki Motor Corp. (Suzuki), on the ground that it has no merit.
Defendant Suzuki cross-moves for summary judgment dismissing the complaint on the ground that it is time barred.
Defendant Jim Moroney’s Harley-Davidson Sales, Inc. (Moroney) submits an affirmation in support of plaintiff’s motion and in opposition to defendant Suzuki’s cross motion.
It is conceded by all parties that the complaint only asserts one cause of action, i.e., breach of warranty. It is also conceded that the applicable Statute of Limitations is that contained in section 2-725 of the Uniform Commercial Code. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395.) That section provides for a four-year limitation period and for accrual of the cause of action upon tender of delivery of the allegedly defective goods (Uniform Commercial Code, § 2-725, subd [2]).
*322 The dispute in this action centers on the date of accrual, and whether it is the tender of delivery of the goods to the ultimate purchaser or by the manufacturer to the first distributor in the chain of distribution.
The court holds that it is the date of sale or tender of delivery to the ultimate purchaser that controls and is the accrual date of the breach of warranty. (McCarthy v Bristol Labs., 86 AD2d 279, 284, n 5; Fazio v Ford Motor Corp., 69 AD2d 896; Reis v Pfizer, Inc., 61 AD2d 777; Weinstein v General Motors Corp., 51 AD2d 335; Mills v International Harvester Co., 554 F Supp 611; Holdridge v Heyer-Schulte Corp., 440 F Supp 1088; Berry v Searle & Co., 56 Ill 2d 548; Cumberland Val. Joint School Auth. v Halderman, Inc., 23 Pa D & C 3d 616.) To the extent that it may be contrary to this holding, dicta in Doyle v Happy Tumbler Wash-O-Mat (90 AD2d 366, 370) is not controlling.
The court’s determination is not only governed by statute and controlling decisional law but is based upon logic and common sense. The very purpose of the statutory enactment is to protect the consumer. The blanket of protection cannot be applied until he first gets into bed. There is neither rhyme nor reason to protect him until he first receives the merchandise. To hold that the cause of action accrues to the consumer when delivery is made to the distributor would frustrate the very purpose of the law. The consumer cannot be charged with a duty to act before his right to act accrues. He has no right to act until he receives the merchandise. To charge him with a statutory period of limitation before his right to act accrues would be unreasonable and unjust. Furthermore, a more than four-year lapse between manufacture and receipt by the consumer could wipe out any cause of action for breach of warranty and negate a fundamental and constitutional right of redress. This was most certainly not the intent of the statute.
Suzuki asserts the bar of the Statute of Limitations and, therefore, has the burden of proof on this issue. (Doyon v Bascom, 38 AD2d 645; Byer v Gilson, 286 App Div 855.) Suzuki has conceded that the action was commenced on February 15, 1983, and has not shown, by evidentiary facts, that the date of plaintiff’s purchase of the allegedly *323 defective motorcycle was more than four years prior to the commencement of this action.
Wherefore, the court finds that defendant Suzuki has failed to sustain its burden of proof on the issue of the Statute of Limitations.
Accordingly, the motion is granted and the cross motion is denied.