■ LORETTA HAMBSCH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In an action to recover damages for personal injuries suffered in an automobile accident, defendant appeals from a judgment of the Supreme Court, Kings County (Morton, J., on issue of liability; Bellard, J., on issue of damages), dated June 7, 1983, which, upon a jury verdict, awarded plaintiff the principal sum of $50,000. ¶ Judgment reversed, on the law, without costs or disbursements, and complaint dismissed. ¶ The issue of whether the plaintiff has suffered a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law is a question of law for the court in the first instance (*Licari v Elliott*, 57 NY2d 230). On the record before us, plaintiff failed as a matter of law to establish the existence of a serious injury and, therefore, it was error to submit the case to the jury. The testimony of plaintiff's family physician is clearly inadequate to establish that plaintiff was suffering from a condition known as spondylolisthesis or, even assuming that she was, that such condition was the result of a fracture caused by trauma and attributable to the accident. Nor was there any line of reasoning by which the jury could have concluded that as a result of the accident plaintiff suffered a permanent loss of the use of a body function or system (*Licari v Elliott, supra*). O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.

■ ROBERT HELLER, Respondent, v U. S. SUZUKI MOTOR CORP., Appellant, and JIM MORONEY'S HARLEY-DAVIDSON SALES, INC., Respondent. — In a breach of warranty action, defendant U. S. Suzuki Motor Corp. (Suzuki) appeals from an order of the Supreme Court, Orange County (Ferraro, J.), dated September 20, 1983, which granted plaintiff's motion to dismiss Suzuki's affirmative defense of the Statute of Limitations, and denied Suzuki's cross motion for summary judgment dismissing the complaint against it based on its Statute of Limitations defense. ¶ Order reversed, on the law, with costs, plaintiff's motion denied and defendant Suzuki's cross motion granted. ¶ The action against Suzuki, the manufacturer of a motorcycle, for breach of warranty, was commenced more than four years after Suzuki sold the motorcycle, was untimely as a matter of law (Uniform Commercial Code, § 2-725; *Doyle v Happy Tumbler Wash-O-Mat*, 90 AD2d 366; *Fazio v Ford Motor Corp.*, 69 AD2d 896). Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur. [120 Misc 2d 321.]