■ LILLIAN McGREGOR, Respondent, v J. & L. ADIKES, INC., et al., Defendants, and CHEMAGRO CORPORATION et al., Appellants.—In an action to recover damages for personal injuries, defendants Chemagro Corporation and Mobay Chemical Corporation appeal from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated October 4, 1983, as denied that part of their motion which sought to dismiss the plaintiff's claim for breach of implied warranty.

Order affirmed, insofar as appealed from, with costs.

Plaintiff alleges that her injuries were caused by the use of a lawn fungicide product which she purchased on or about July 15, 1979. The appellants purportedly manufacture and supply the active ingredient, dyrene, contained in the product.

It is appellants' contention that, as there is an absence of privity between plaintiff and them, the applicable Statute of Limitations is found in CPLR 214 (5), providing for a three-year period of limitation, rather than the four-year period found in Uniform Commercial Code § 2-725 (1) (*see, Martin v Dierck Equip. Co.*, 43 NY2d 583; *Mack v Clairol, Inc.*, 69 AD2d 752). We cannot agree.

The amendment in 1975 of Uniform Commercial Code § 2-318 essentially "expanded the availability of a breach of warranty action to all those who could foreseeably be affected by the product" (*Doyle v Happy Tumbler Wash-O-Mat*, 90 AD2d 366, 369). As a result, "even though the plaintiff has neither purchased the product from the seller nor has any other relation to the seller or the buyer [, where] a defective product has been the cause of personal injury and the action is brought more than three years after the injuries are sustained, thus barring recovery upon the theories of negligence and strict liability, the injured person, within the purview of

section 2-318 of the Uniform Commercial Code, has a viable cause of action based upon implied warranty within a period of four years after the cause of action has accrued (Uniform Commercial Code, § 2-725, subd [1])" (*Doyle v Happy Tumbler Wash-O-Mat, supra,* at p 370). "A consumer who acts within three years of the accident or four years from the date of sale, as the pertinent statutes provide, may now maintain causes of action in New York to recover against both immediate and remote parties based on express or implied warranty, negligence or strict products liability" (*Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407, 412). Appellants rely on cases in which the operative events took place prior to enactment of the 1975 amendment; we do not find them convincing.

Special Term therefore acted properly in denying that part of appellants' motion which sought to dismiss the plaintiff's claim for breach of implied warranty as time barred. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.