GAIL COUSER, Plaintiff, v ROCKWELL INTERNATIONAL, INC., Defendant.

Supreme Court, Rensselaer County, January 17, 1989

### APPEARANCES OF COUNSEL

*Roche, Corrigan, McCoy & Bush* for defendant. *Dwyer & Dwyer* for plaintiff.

### OPINION OF THE COURT

F. WARREN TRAVERS, J.

Defendant has made a motion for an order pursuant to CPLR 3211 (a) (5) and (7) dismissing the plaintiff's action as time barred by the Statute of Limitations.

This case involves a personal injury action arising out of an

accident that took place on October 3, 1984. The plaintiff allegedly injured her hand, fingers and wrist while operating a bookbinder hole punching machine at her place of employment. The action was commenced on May 12, 1988, alleging breach of implied warranty of merchantability and fitness. The machine on which plaintiff allegedly pierced her hand was purchased by the plaintiff's employer at an auction in 1972. A trace of the machinery in question, including bills of lading, receipts, and shipping orders reveals the machinery was manufactured by the Bock Machine Company of Cincinnati, Ohio, for the Lawson Company of Chicago, Illinois. The original sale was made in 1967 to the Glen Craft Printing Company of Glens Falls, New York.

Defendant submits an attorney affidavit, a plaintiff affidavit, memorandum of law, notice of motion, summons and complaint, depositions, and exhibits including receipts, shipping orders and bills of lading.

In opposition, the plaintiff submits an affidavit in opposition and memorandum of law.

A cause of action based upon a breach of warranty accrues upon "tender of delivery" and is governed by a four-year Statute of Limitations from the date of sale (UCC 2-725 [2]). Hence, any warranties, beginning on the date of sale, expire four years after the sale. This commences the period in which to sue unless there are allegations of infancy or disability to toll the Statute of Limitations.

The plaintiff places considerable reliance on a 1975 amendment to UCC 2-318. Plaintiff asserts the amendment extends the four-year period to sue commencing with the date of injury and not the date of tender of delivery. It is true that the 1975 UCC 2-318 amendment extends a seller's express and implied warranties "to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty". It is silent as to any extension of the four-year period.

Hence, the 1975 amendment to UCC 2-318 deleted the requirement that the warranty plaintiff be either the buyer, in the buyer's family or a guest in his home. The privity requirement was extended to any natural person reasonably expected to come into contact with the goods. (Doyle v Happy Tumbler Wash-O-Mat, 90 AD2d 366.) Thus, this section applies to the extension of privity and not to the extension of the four-year period to commence an action.

This court acknowledges that plaintiff's injuries, resulting from the duties of her employment, fall within the purview of those intended to be protected by the 1975 amendment. This provision allows the third-party beneficiary to commence a direct action for breach of warranty against the seller. As an expected user of the machinery, the express provision of the aforementioned statutory law gives her a personal privity of contract with the defendants. However, this lawsuit was commenced more than four years after the sale in 1972. Hence, while the plaintiff has standing to sue for her injuries, the Statute of Limitations for a breach of implied warranty of merchantability and fitness has run on her claim.

Consideration has been given to *Doyle (supra),* cited by plaintiff for the proposition that when an action is brought more than three years after the injuries are sustained and barred by the Statute of Limitations, imposed on negligence and strict liability claims, a viable cause of action may be brought based upon implied warranty within a period of four years after the action has accrued. However, the *Doyle* court continues to define the "date of accrual" to be upon the "tender of delivery" of the commercial transaction between the buyer and the seller.

In the instant matter, the transaction between the buyer and seller occurred at an auction in 1972. The *Doyle* court clearly enunciates that the Statute of Limitations for a cause of action based upon breach of warranty accrues at the time of original sale regardless of when the injury was sustained *(Doyle v Happy Tumbler Wash-O-Mat, supra,* at 370). This court finds the *Doyle* case does not stand for the proposition that the warranty period is extended to any later accrual date other than the time of the original sale.

Consideration has also been given to the case of *Reyes v Bertocchi* (92 AD2d 863) cited by plaintiff for the proposition that the warranty Statute of Limitations is extended to the date of injury, similar to the medical malpractice "discovery rule". The *Reyes* case is distinguishable from the present case since the *Reyes* case deals with the medical malpractice discovery rule. In *Reyes,* an IUD had been inserted in the plaintiff causing infection, bleeding and disease. Moreover, the *Reyes* court implicitly states that a cause of action for breach of warranty accrues at the time of sale and would have to be brought within four years therefrom *(supra,* 92 AD2d, at 867).

The cases cited by plaintiff have been considered. This court

finds plaintiff's opposition papers and memorandum of law do not contradict statutory or case law which holds that the breach of a warranty accrues at the time of sale and must be brought within four years of that date. This action was commenced more than four years after the date of sale.

Accordingly, defendant's motion for an order dismissing the plaintiff's action as time barred is granted, without costs.