■ Cosco INDUSTRIES, INC., Respondent, v JOHNSON & HIGGINS, Defendant and Third-Party Plaintiff-Appellant. KEMPER CORPORATION et al., Third-Party Defendants-Respondents.—Order and judgment of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on September 15, 1989 and September 27, 1989, respectively, both of which granted a motion by third-party defendants Kemper Corporation *et al.* pursuant to CPLR 3212 for summary judgment dismissing the third-party complaint of Johnson & Higgins, and order of said court entered on November 29, 1989, which granted the third-party plaintiff's motion pursuant to CPLR 2221 for reargument of the previous motion and, upon reargument, adhered to the previous decision, are unanimously affirmed, with costs.

Plaintiff Cosco Industries employed the defendant and third-party plaintiff as a broker to obtain insurance for numerous properties that included one property in Oxford, Maine. The Maine property was to have coverage of $3,500,000. Third-party plaintiff obtained such coverage from American Protection Insurance Co. (APIC), one of the third-party defendants. In the course of the parties' dealings, coverage for the Maine property was inadvertently upgraded to "blanket" coverage. Before the problem was corrected, the plaintiff moved substantial property to its Maine location. APIC then corrected the problem without any indication to the third-party plaintiff that there was a correction and restored coverage to the $3,500,000 limit. A fire in the Maine location did approximately $11,000,000 worth of damage shortly thereafter. The plaintiff settled with APIC, and gave a general release. The third-party plaintiff now seeks contribution and indemnity from the remaining third-party defendants.

Summary judgment was correctly granted as to indemnity. There is no triable issue of fact as to whether or not all of the third-party plaintiff's liability to the primary plaintiff is attributable to wrongdoing on the part of the third-party defendants.

Summary judgment was also properly granted as to the cause of action for contribution. The broker cannot seek contribution on a contract theory (see generally, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21). It can seek contribution on a negligence theory that the plaintiff did not assert, but the broker cannot assert a claim unless the plaintiff could have asserted that claim (Doyle v Happy Tumbler Wash-O-Mat, 90 AD2d 366, 367-368). Even assuming that the record indicates that there is such a cause of action here, APIC is entitled to rely on the plaintiff's release, and there is no showing that the remaining third-party defendants exercised actual control of the type that would allow this court to disregard the corporate distinctions among them (cf., Fiur Co. v Ataka & Co., 71 AD2d 370, 373). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.