**MARBI CORPORATION OF NEW YORK and William Frattarola, Plaintiffs,**

v.

**Joseph PUHEKKER, individually, and the Town of Carmel, N.Y., Defendants.**

**No. 97 CIV. 6501(WCC).**

United States District Court, S.D. New York.

July 24, 1998.

Lovett & Gould, White Plains, NY (Jonathan Lovett, of counsel), for Plaintiffs.

Gellert & Cutler, P.C., Poughkeepsie, NY (James M. Fedorchak, of counsel), for Defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This civil rights action arises out of a local land use dispute. Plaintiffs allege that defendants violated the First Amendment by retaliating against them for asserting their property rights. Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that plaintiffs' action is barred by the applicable statute of limitations. For the reasons discussed below, the motion is denied.

## BACKGROUND

For purposes of the instant motion, the Court's review is limited to the facts stated on the face of the complaint and in documents incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken. *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993).

Until the middle of 1997, plaintiffs Marbi Corporation and William Frattarola owned and sought to develop real property located within the defendant Town of Carmel (the "Town"). In 1988, plaintiffs applied to the Town's Environmental Conservation Board (the "ECB"), chaired by defendant Joseph Puhekker, for a permit to construct a dwelling on their property. The ECB referred plaintiffs to the Putnam County Board of Health (the "Health Board") for approval of a proposed subsurface sewage disposal system. In 1991, plaintiffs applied to the Health Board for such permission; the Health Board advised plaintiffs that they were required first to obtain "the ECB's written position with respect to construction of the proposed disposal system since it would be situated within one hundred feet of a wetlands boundary." (Compl.¶ 9.) Although the ECB issued a preliminary approval of the construction, plaintiffs objected that the property was exempt from the ECB's control under the Town's Wetlands Law. Despite subsequently obtaining the Health Board's approval of the construction, in June 1992

plaintiffs were denied a building permit by the ECB.

In August 1992, plaintiffs initiated both state and federal actions challenging the ECB's denial. The state court ultimately granted plaintiffs' petition. The federal action, in which plaintiffs alleged due process violations and an unconstitutional taking, was stayed by Judge Brieant in June 1993 pending resolution of a related state court action brought in April 1993 by the City of New York (the "City") against plaintiffs seeking to enjoin the proposed construction. In settlement of that action, in June 1997 plaintiffs transferred title of the property to the City. Accordingly, on September 30, 1997, Judge Brieant dismissed the federal action without prejudice.

The instant action, brought under 42 U.S.C. §§ 1983 and 1985, was filed on September 3, 1997. The complaint alleges that defendants retaliated against plaintiffs for opposing the ECB's exercise of jurisdiction over the property. Specifically, plaintiffs allege that defendants encouraged the City to initiate the 1993 state court action against them. Defendants contend that this action is barred by the applicable statute of limitations.

## DISCUSSION

### I. *Standard of Review*

A motion to dismiss on statute of limitations grounds is properly viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989). When faced with a Rule 12(b)(6) motion, "a court's task in determining the sufficiency of a complaint is 'necessarily a limited one.'" *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 62 (2d Cir.1997) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The issue is not whether a plaintiff will or might ultimately prevail on its claim, but whether it is entitled to offer evidence in support of the allegations in the complaint. *Id.* Dismissal is warranted under Rule 12(b)(6) only if it appears beyond doubt that

the plaintiff can prove no set of facts, consistent with its complaint, in support of its claim that would entitle it to relief. *See id.* at 62–63 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In ruling on such a motion, the Court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. *Id.* at 63 (citing *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)).

### II. *Statute of Limitations*

The statute of limitations governing § 1983 and § 1985 actions arising in New York, borrowed from New York's general statute of limitations for personal injury actions, is three years. *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 331–32 (2d Cir.1997); *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994); *Blankman v. County of Nassau,* 819 F.Supp. 198, 206 (E.D.N.Y.), *aff'd,* 14 F.3d 592 (1993). While state law supplies the statute of limitations for claims under § 1983 and § 1985, federal law determines when such claims accrue. *Jaghory,* 131 F.3d at 331; *Eagleston,* 41 F.3d at 871. Under the applicable federal law, a § 1983 or § 1985 claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis of the action. *Eagleston,* 41 F.3d at 871; *Cornwell v. Robinson,* 23 F.3d 694, 703 (2d Cir.1994); *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980). "[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act becomes painful." *Eagleston,* 41 F.3d at 871 (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981)).

In arguing that the three-year statute of limitations has run, defendants proffer evidence that the only communication between defendant Puhekker and the City regarding plaintiffs' property (at least prior to initiation of the City's suit against plaintiffs) occurred in a February 16, 1993 letter from Puhekker to the New York City Department of Environmental Protection (the "City DEP"). (*See* Affidavit of Joseph Puhekker ¶ 2 and Exh. A thereto; Affirmation of James Fe-

dorchak ¶ 5.) Defendants contend that plaintiffs' claims thus accrued on the date of Puhekker's letter.

 This argument is entirely off the mark. To begin with, defendants impermissibly base their Rule 12(b)(6) motion on evidence beyond the pleadings. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991) (in deciding Rule 12(b)(6) motion to dismiss, court may not consider documents outside the pleadings). When, on a Rule 12(b)(6) motion to dismiss, matters outside the pleadings are included in the motion papers, the court may either treat the motion as one for summary judgment under Rule 56 (after providing notice and the opportunity to present supporting material), or exclude the additional material and decide the motion on the pleadings alone. *See* Fed. R.Civ.P. 12(b); *Kopec v. Coughlin*, 922 F.2d 152, 154–55 (2d Cir.1991). But "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is dissipated." *Cortec*, 949 F.2d at 48. There is no evidence, however, that plaintiffs relied on or even knew of Puhekker's letter in framing their complaint. Moreover, at this early stage of the proceedings—and especially considering that, as discussed below, the Puhekker letter is not probative of the statute of limitations issue—there is no sound reason to convert the instant motion into a motion for summary judgment.

 Civil procedure rules aside, the mere fact that Puhekker wrote a letter to the City DEP on February 16, 1993 sheds no light on when plaintiffs knew or should have known of the injury that is the basis of this action. The date of the letter itself is of no consequence, especially if plaintiffs did not even know about its existence until later. But even if plaintiffs were cognizant of Puhekker's letter to the City DEP, no injury could have occurred until the City actually sued plaintiffs; the date of any preliminary contact urging such action is irrelevant.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss based on the statute of limitations is denied.

SO ORDERED.