■ AMERICAN MOTORISTS INSURANCE COMPANY, Appellant, v TRANS INTERNATIONAL CORP., Doing Business as MANHATTAN ELECTRIC INDUSTRIES, Respondent. [696 NYS2d 186] —In an action, *inter alia,* for specific performance of an indemnity agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 8, 1998, as granted that branch of the defendant's motion which was to dismiss the second cause of action seeking an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to an indemnity agreement executed by the defendant, Trans International Corp., d/b/a/ Manhattan Electric Industries (hereinafter Manhattan), an import/export firm, the plaintiff/surety, American Motorists Insurance Company (hereinafter AMICO), posted a $100,000 bond to guarantee Manhattan's compliance with the regulatory and statutory requirements of the United States Customs Service (hereinafter the Customs Service). Upon being served with a formal demand from the Customs Service against the bond executed on behalf of Manhattan demanding payment for certain duties assessed against Manhattan, AMICO immediately demanded that Manhattan provide collateral security pursuant to the terms of the indemnity agreement. Manhattan refused on the basis that it had filed an immediate protest to the demand, pending the determination of which any action on the demand by the Customs Service would be held in abeyance, and that the likelihood of Manhattan's success on the merits of the protest was great. AMICO instituted this action for specific performance of the indemnity agreement and to recover an attorney's fee. Motion practice between the parties ensued. Manhattan's protest

was sustained by the Customs Service 18 months later, and all penalties were cancelled.

AMICO, relying on the indemnity agreement, pursued its claim for an attorney's fee in excess of $7,000, asserting that it was entitled to that fee as a result of Manhattan's refusal to post the collateral security, which necessitated that AMICO retain outside counsel to investigate the claims and to communicate with the Customs Service. The $7,000 also included an attorney's fee incurred in the prosecution of the instant action. Manhattan argued that AMICO was not entitled to an attorney's fee on the ground, *inter alia*, that the attorney's fee was not incurred in good faith. The Supreme Court agreed with Manhattan that the legal fees were "needlessly incurred and excessive", and dismissed that cause of action. We now affirm.

Under the general rule in New York, an attorney's fee is an incident of litigation and is not recoverable by a prevailing party in a lawsuit unless such an award is authorized by agreement between the parties, statute, or court rule (*Breed, Abbott & Morgan v Hulko,* 139 AD2d 71, 73, *affd* 74 NY2d 686). Indemnification agreements which include provisions by which the indemnitor agrees to compensate the indemnitee for an attorney's fee are enforceable (*Breed, Abbott & Morgan v Hulko, supra,* at 74-75; *see, Lori-Kay Golf v Lassner,* 61 NY2d 722). The indemnitee must, however, demonstrate that it reasonably and in good faith incurred such a fee (*see, American Motorists Ins. Co. v Napco Sec. Sys.,* 244 AD2d 197, 198; *Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184, 1186). Under the circumstances of this case, while AMICO was entitled to seek a posting of collateral by Manhattan upon being presented with a demand by the Customs Service (*see, American Motorists Ins. Co. v Napco Sec. Sys., supra; American Motorists Ins. Co. v United Furnace Co.,* 876 F2d 293, 299), we agree with the Supreme Court's determination that the legal fees were needlessly incurred, as well as excessive. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.