John **ORLANDO**, Plaintiffs,

v.

**NOVURANIA OF AMERICA, INC.**, Defendants.

No. 01 CIV. 812(CM).

United States District Court, S.D. New York.

July 30, 2001.

Allan B. Brill, New York City, for Plaintiffs.

John M. Toriello, New York City. for Defendants.

## DECISION ON DEFENDANT'S MOTIONS TO DISMISS

McMAHON, District Judge.

On December 18, 2000, plaintiff, John Orlando commenced this action against, defendant, Novurania of America, Inc. (Novurania), a manufacturer, distributor and purveyor of water craft.

Plaintiff asserts five separate causes of action: Count I— breach of express warranty; Count II— breach of implied warranty of merchantability; Count III— breach of implied warranty of fitness for a particular purpose; Count IV— fraudulent misrepresentation; Count V— negligent design, construction and manufacturing. Plaintiff is seeking to recover $20,000.00 in compensatory damages on each of his five causes of action, punitive damages in the amount of $500,000.00, costs and disbursements and reasonable attorney fees, and for any further relief the Court may deem just and proper.

Mr. Orlando's amended complaint alleges *inter alia* the following: On or about September 9, 1996, plaintiff purchased a 1995 hard bottom inflatable boat from No-

vurania for approximately $20,000. (Complaint at ¶ 6). At the time of the sale Novurania provided plaintiff with an express five-year written warranty, to the effect that the boat was free from defects. (*Id.* at ¶ 7).

Sometime in 1998, plaintiff allegedly began noticing cracks in the hull of the boat. (*Id.* at ¶ 10). Plaintiff returned the boat to Novurania and Novurania repaired the cracks. (*Id.* at ¶ 12). Subsequent to those repairs, additional cracks began to develop in the boat's hull, however, defendant refused to repair the boat or return the purchase price. (*Id.* at ¶ 12, 13, 14). Plaintiff alleges that the cracks in the hull of the boat are defects that are a result of faulty workmanship and materials used by the defendants. (*Id.* at ¶ 15). At the time the boat was purchased in 1996, he relied on defendant's representation that the boat he was purchasing had not been·previously repaired. He later learned that it had been repaired. (Complaint at ¶ 33–37). Plaintiff alleges that had he known the boat was previously repaired, he would not have bought it. (*Id.* at ¶ 39). Plaintiff further alleges that defendant had been negligent in the "design, construction, maintenance, repair and sale" of the boat, and that that has resulted in damages suffered by plaintiff. (*See* Complaint at ¶ 43).

Defendant has filed a motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Defendant contends that: (a) counts II and III are barred by the applicable statute of limitations; (b) count III further fails to allege facts constituting a breach of implied warranty of fitness for a particular purpose; (c) counts IV and V (both manufacturer tort claims): (i) fail to plead any duty on Novurania's part, separate from its alleged contractual obligations; and (ii) are barred by New York's economic loss rule; and (d) count IV fails to plead fraud with the requisite specificity required by Fed.R.Civ.P. 9(b). Apparently, Defendant has no quarrel with the sufficiency of count I, which pleads a breach of the express warranty.

### Standard of Review

Fed.R.Civ.P. 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Electric Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash,* 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### Statute of Limitations

Defendant moves to dismiss counts II and III on the ground that those counts are time barred. A pre answer motion to dismiss on statute of limitation grounds is properly viewed as a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, rather than a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989);

*Marbi Corp. of New York v. Puhekker,* 9 F.Supp.2d 425, 427 (S.D.N.Y.1998). The significance is that, in determining defendant's motion, the Court must apply the Rule 12(b)(6) analysis; the Court may consider only the facts asserted in Orlando's complaint, along with the legal arguments of the parties made in support and opposition to the motion. *See Ghartey,* 869 F.2d at 162.

■ Counts II and III of the complaint allege respective causes of action for breach of the implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. (Complaint at ¶¶ 18–21, 23–28). Because the subject matter of this action clearly involves the sale of a good (the boat), the warranty claims in counts II and III are governed by the four year statute of limitations contained in Article 2 of the New York's Uniform Commercial Code, (*see* N.Y.UCC LAW § 2–725 (McKinney 2000); *see also Whitney v. Agway, Inc.,* 238 A.D.2d 782, 785, 656 N.Y.S.2d 455 (3rd Dep't 1997); *McGregor v. J. & L. Adikes, Inc.,* 112 A.D.2d 204, 491 N.Y.S.2d 426 (2nd Dep't 1985)), and not the six year statute of limitation provided by section 213 of the Civil Procedure Law and Rules, N.Y. C.P.L.R. 213 (McKinney 2000). In order to be timely filed, plaintiff must have commenced his implied warranty claims against defendant within four years of when those cause of actions accrued.

Under Article 2–725(2) of the code:

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of the delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

N.Y. UCC 2–725(2). The date of tender rule for determining the accrual date for warranty actions is quite rigid. *See City of Cohoes v. Kestner Engineers P.C.,* 226 A.D.2d 914, 640 N.Y.S.2d 917 (3rd Dep't 1996) (City's breach of warranty cause of action against manufacturer of generator accrued when generator was purchased more than four years before city brought action against manufacturer, arising from explosion at station, and, thus, breach of warranty cause of action was barred by four year statute of limitations); *Heller v. U.S. Suzuki Motor Corp.,* 101 A.D.2d 807, 475 N.Y.S.2d 146 (1984), affirmed 64 N.Y.2d 407, 488 N.Y.S.2d 132, 477 N.E.2d 434 (1985) (Breach of warranty action against manufacturer of motor vehicle commenced more than four years after manufacturer sold the motorcycle was untimely); *Couser v. Rockwell Intern., Inc.,* 142 Misc.2d 321, 536 N.Y.S.2d 965 (1989) (Implied warranty of merchantability and fitness claims by worker against seller of machine accrued on date seller sold machine to worker's employer, rather than on date of injury, for purposes of four year statute of limitation under the Uniform Commercial Code).

■ Applying the facts set forth in the amended complaint to N.Y. UCC 2–725(2), plaintiff's implied warranty cause of actions accrued on the date he purchased the boat. Mr. Orlando purchased the boat in question from Novurania on September 9, 1996.[1] Plaintiff's implied warranty claims

---

1. Both parties in their papers refer to the sale date as September 6, 1996. The complaint, however, pleads a sale date of September 9, 1996. (Complaint at ¶ 6). In that the statute of limitations defense here is presented in the context of a Rule 12(b)(6) motion to dismiss, the Court in calculating the accrual date of the cause of action will accept the September

would have had to have been brought no latter than September 9, 2000. Plaintiff filed his complaint with the court on December 18, 2000. Therefore, plaintiff missed the deadline for filing his implied breach of warranty cause of actions by more than three months.

Plaintiff argues that his implied warranty cause of actions did not accrue until sometime in 1998 when the defects were discovered. Plaintiff argues that the accrual date for his implied warranty claims is extended by the statutory language "a breach of warranty occurs when tender of delivery is made except that where a warranty explicitly extends to future performance of the goods." N.Y. UCC 2–725(2).

■ Plaintiff's argument is erroneous. The exception speaks to express warranties not implied warranties. Indeed, the authority cited by plaintiff all deal with accrual periods for express warranties and not implied warranties. *Parzek v. New England Log Homes, Inc.*, 92 A.D.2d 954, 460 N.Y.S.2d 698 (3rd Dep't 1983) (Accrual date of breach of warranty cause of action is date when breach was discovered or should have been discovered for warranties that *explicitly* extend to future performance); *Mittasch v. Seal Lock Burial Vault, Inc.*, 42 A.D.2d 573, 344 N.Y.S.2d 101 (2nd Dep't 1973) (Warranty that burial vault would give "satisfactory service at all times" explicitly extended to future performance, and thus cause of action for breach of the warranty, in that vault leaked, accrued upon discovery of the breach); *Warren W. Scott & Son v. American Bldgs. Co.*, 93 A.D.2d 987, 461 N.Y.S.2d 639 (4th Dep't 1983) (express warranty).

■ Similarly, plaintiff provides no support for his alternative argument that tender, and therefore accrual, took place after Novurania repaired and returned the boat

9th date in the complaint as true, and thus the

back in 1998. There is simply no authority for plaintiff's contention that the delivery date may be considered the date a manufacturer returns the defective good after attempting to make repairs.

Accordingly, counts II and III are dismissed as time barred.

Tort Claims

■ In counts IV and V, respectively, of the amended complaint, plaintiff alleges causes of action for fraudulent misrepresentation and for negligent design, construction, repair and sale. (Complaint at ¶¶ 30–42, 43–45). Defendant argues that these counts must be dismissed because the complaint contains no factual allegations that establish the existence of a duty owed by Novurania to plaintiff independent of those allegations found in the contract for sale of the boat or in the express warranty. Defendant's argument is a restatement of the principle that a breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987).

Plaintiff's fifth cause of action contains no allegations that would indicate that defendant violated any legal duty owed to the plaintiff other than that which was owed under the contract. Count five of the amended complaint is nothing more than an attempt by plaintiff to convert, through the use of the term "negligence," plaintiff's breach of warranty claim into a claim sounding in tort. *See Clark–Fitzpatrick.*, 70 N.Y.2d at 389, 521 N.Y.S.2d 653, 516 N.E.2d 190. Count five alleges that defendant had been negligent in the "design, construction, maintenance, repair and sale" of the boat, and that that has resulted in

controlling date.

damages suffered by plaintiff. (*See* Complaint at ¶ 43). This merely restates, albeit in slightly different language, the allegations in count one. Count one alleges that defendant provided plaintiff with a certificate of warranty at the time of sale which ensured plaintiff that the hull of the boat he purchased was "warranted for a period of five (5) years from the date of original purchase ... to be free from defects caused by faulty workmanship or materials." (*See* Complaint at ¶ 7). Count one further alleges that since the 1998 repair, additional cracks have appeared in the boat and that the defendant has refused to accept the boat for repairs and refused to pay him for the cost of repair or the purchase price of the boat. (*Id.* at ¶¶ 10–14).

■ Plaintiff's claim of "negligent design, construction, maintenance and repair" is indistinguishable from his warranty claims. The negligence claim and the warranty claims all implicate the same duty: that defendant provide a boat hull free of defects. The negligence claim fails to plead a specific duty that arises separate and apart from the contractual duty imposed on defendant under the warranties. *See Clark–Fitzpatrick.*, 70 N.Y.2d at 389, 521 N.Y.S.2d 653, 516 N.E.2d 190. Indeed, the remedy for the negligent design complained of in count five is sufficiently covered by the express warranty claim in count one. Plaintiff's fifth cause of action is dismissed.

Plaintiff's fourth cause of action, on the other hand, does allege facts that suggest that defendant violated a legal duty independent of the contract. Plaintiff alleges in count four that, at the time the boat was purchased in 1996, he relied on defendant's representation that the boat he was purchasing had not been previously repaired, when in fact he later learned that it had been repaired. (Complaint at ¶ 33–37).

Plaintiff alleges that defendant knew their representation with regard to the repairs was false and that defendant made that representation to deceive plaintiff and induce him to purchase. (*Id.* at ¶ 38). Plaintiff contends that, had he known the boat had been previously repaired, he would not have purchased the boat. (*Id.* at ¶ 39).

While it is true that the allegations in count four bear some relationship to the breach of warranty claims, the allegations here is that the seller engaged in fraudulent practices in order to induce a buyer into purchasing. Such a claim is separate and distinct from a claim brought under either the UCC warranties of merchantability and fitness or the express warranty of freedom from defects provided by defendant. This is especially so when the alleged false representation was allegedly made prior to the sale in order to induce plaintiff to make the purchase, and had nothing to do with merchantability, fitness for a particular purpose or faulty workmanship. It is possible for a boat that has been repaired to be fit and merchantable. But if the plaintiff only wanted a boat that had never been repaired, and this boat was misrepresented as such, plaintiff has a separate action for fraudulent misrepresentation.

■ Nonetheless, plaintiff's fourth cause of action is barred by New York's economic loss rule. "New York's economic loss rule restricts plaintiffs who have suffered 'economic loss,' but not personal or property injury, to an action for the benefit of their bargain. If the damages are the type remedial in contract, a plaintiff may not recover in tort." *Carmania Corp., N,V. v. Hambrecht Terrell Int'l,* 705 F.Supp. 936, 938 (S.D.N.Y.1989) quoting *Schiavone Constr. Co. v. Elgood Mayo Corp.,* 56 N.Y.2d 667, 451 N.Y.S.2d 720, 436 N.E.2d 1322 (1982).

Here plaintiff is attempting solely to recover for the alleged loss of the benefit of his bargain; a remedy confined to a cause of action sounding in contract and not in tort. *See, e.g., Carmania Corp.*, 705 F.Supp. at 938–39 (holding that a buyer of architectural services could only recover in contract where loss was purely economic); *Rubin v. Telemet Am., Inc.*, 698 F.Supp. 447 (S.D.N.Y.1988) (holding that buyer could not recover from seller under tort theory because he failed to specify that he suffered any physical or emotional injuries—as opposed to economic loss—resulting from seller's conduct). Nowhere in the amended complaint does plaintiff allege that he suffered anything other than economic loss from defendant's alleged fraudulent misrepresentation. The amended complaint contains no allegations that plaintiff suffered either physical or emotional injury. The only loss sufficiently pleaded is $20,000.00—the value of the boat under the contract. Therefore, plaintiff's fourth cause of action, alleging fraudulent misrepresentation, is barred by New York's economic loss rule.[2]

■ Plaintiff appears to be arguing that he is not subject to the economic loss rule because he is entitled to punitive damages in the amount of $500,000. However, it is settled in New York that punitive damages are not available in the ordinary fraud and deceit case. *Kelly v. Defoe Corp.*, 223 A.D.2d 529, 636 N.Y.S.2d 123 (2d Dep't 1996) (*citing Walker v. Sheldon*, 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961)) (internal quotation marks omitted). Punitive damages are available only where the defendant acts with evil and reprehensible motives. *Wal-*

*lach Marine Corp. v. Donzi Marine Corp.*, 675 F.Supp. 838, 842 (S.D.N.Y.1987). Accepting the allegations in the complaint as true, defendant's misrepresentation about the hull not being repaired is neither evil nor reprehensible as that term is understood in the context of punitive damage awards. *Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.*, 1998 WL 422482, *7 (S.D.N.Y.1998) (failure to deliver adequate amount of conforming fabric, even if defendant made fraudulent misrepresentations regarding their fabric inventory, was neither "egregious" nor "gross and morally reprehensible"). Thus, the plea for punitive damages must be stricken, and plaintiff is left with his contract damages only.

Defendant's motion to dismiss the fourth cause of action, and its related motion to strike the demand for punitive damages, is granted.

■ Finally, attorney's fees are only recoverable when specifically provided for by contract, statute or specific rule of the court. *American Motorists Ins. Co. v. Trans Int'l Corp.*, 265 A.D.2d 280, 281, 696 N.Y.S.2d 186 (2nd Dep't 1999). Although plaintiff in the amended complaint request reasonable attorney's fees, he fails to provide a basis for the awarding of such fees. Plaintiff's demand for reasonable attorney's fees is stricken.

## Conclusion

Accordingly, counts II, and III of the amended complaint are dismissed as time barred, counts IV and V are dismissed for failure to state a claim, and plaintiff's de-

---

**2.** Jurisdictions such as Connecticut have refused to apply the economic loss rule where the tort alleged is an intentional one. *See Connecticut Mutual Life Ins. Co. v. New York & New Haven R. Co.*, 25 Conn. 265 (1856). Indeed, the Connecticut Supreme Court has expressly rejected the economic loss doctrine as a bar to a claim for negligent misrepresentation. *See Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 579, 657 A.2d 212 (1995). New York courts have not adopted these exceptions to the rule.

mand for punitive damages and reasonable attorney's fees are stricken.

The parties are directed to appear at a preliminary conference, on September 6, 2001 at 9:30AM., to discuss plaintiff's sole remaining claim.[3]

---

**3.** The Court notes that, with the punitive damages plea stricken, this matter falls well below the jurisdictional amount. The pleading is predicated on diversity. Counsel should be prepared to address the issue of jurisdiction-with case citations-at the conference.